The First National Bank of Miami, E. C. Romfh and
Victor J. Sharman v. Dade-Broward Company and
T. F. McAuliffe.

171 So. 510.
Opinion Filed June 10, 1936.
Rehearing Denied January 12, 1937.

Crate D. Bowen, John P. Stokes, M. L. Mershon, Herbert
S. Sawyer, Shutts & Bowen, Loftin, Stokes & Calkins and
Evans, Mershon & Sawyer, for Appellants;

James M. Carson and Charles A. Morehead, for Appellees.

Davis, J.—This was a suit in equity for discovery of
actions at law. A motion to strike certain portions of the
bill of complaint and a motion to dismiss the bill, and cer-
tain interrogatories therein contained, was interposed. This
case is now before this Court on appeal from an order de-
nying the motion to dismiss and denying, in the main, the

motion to strike certain portions of the bill and interrogatories.

The sole question presented here is whether or not the interlocutory order appealed from was a proper order on the motions directed to the bill of complaint, or in short, whether or not the bill for discovery filed is a good bill and the interrogatories therein contained such as ought in equity to be propounded and answered by the appellants.

After averring the specific facts of the controversy between the parties, it is then averred that the facts and contents of certain documents in defendant's possession, as to which discovery was prayed, are not within complainant's knowledge and that complainant has no other means of ascertaining and proving same other than by discovery pursuant to the prayer of complainant's bill that all of the facts, including the facts alleged to be unknown to each of the defendants, can be proved by a proper discovery, and that said facts and documents which are referred to with reasonable certainty in the bill, are so material to complainant's action at law that complainant cannot safely proceed to try the said actions at law without the discovery sought from each of the defendants.

The prayer of the bill is in substance that defendants, The First National Bank, E. C. Romfh, T. F. McAuliffe and Victor J. Sharman, may, upon their several and respective corporate oaths, full, true, direct and perfect answer make, and may discover and set forth replies to eleven specified and numbered interrogatories concerning the subject matter of the controversy and that defendants may set forth a list or schedule of all of the particularly mentioned letters, contracts, instructions, evidence and writings of whatsoever nature or character, and may leave the same in the hands of a master for the inspection of complainant,

and that until such discovery is complied with, that defendants be restrained by the order of the Court from further proceedings in the pending actions at law.

The bill in controversy is a pure bill for discovery.

Such a bill lies to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court. The fact that there are legislative Acts separately authorizing a discovery at law or in equity in other ways than by a bill in equity in the form of a pure bill for discovery is immaterial. Pure bills for discovery have so long been an acknowledged subject of equity jurisdiction that statutes purporting to give other and simpler means of obtaining that identical relief are not regarded as ousting the equity jurisdiction, at least in the absence of some clear legislative declaration to that effect. See: McCarthy's 1931 Chancery Act Annotated, pages 102-110, inclusive, and cases cited.

The allegations of the bill now under consideration sufficiently show the matters concerning which the discovery asked for is sought, the interests of the several parties in the subject of the inquiry, the complainant's right to have the relief prayed, its title and interest, and what the relationship of same is to the discovery claimed, and that the discovery so attempted to be had is material to the complainant's rights that have been duly brought into litigation on the common law side of the Court under circumstances that entitle the complainant to a disclosure of what is necessary to maintain its own claim in that litigation, and not that of the defendant in the case. Such allegations are amply adequate to meet the test of sufficiency of a pure bill for discovery. Fletcher, Equity Pleading & Practice, Sec. 809;

1 Pomeroy's Equity Jurisprudence (4th Ed.) 282, 284; 18 C. J. 1066; 9 R. C. L. page 180, par. 22.

That the officers and agents of the corporation from which discovery is sought are properly impleaded as defendants with the corporation, is sustained by the holding of this Court in Jacksonville T. & K. W. R. Co. v. Peninsular Land, Transportation & Mfg. Co., 27 Fla. 1, 9 Sou. Rep. 661, where it was said:

"Though the general rule in equity is that a person who has no interest in the subject matter of the suit, or is merely a witness, cannot be made a party defendant to a bill either for relief or for purposes of discovery, there is an exception to this rule in the case of a proceeding against a corporation for the reason that a corporation answers under its seal, and not under oath, and a full knowledge of facts might not be obtained from it. 2 Story, Eq. Jr., Sec. 150, and notes; Gar v. Bright, 1 Barb. (Ch.) 157; Fenton v. Hughes, 7 Vesey, Jr., 287; Lindsley v. James, 3 Cold 477; Smith v. St. Louis Mutual Life Ins. Co., 2 Tenn., Ch. 599; Fulton Bank v. New York & Sharon Canal Co., 1 Paige 312. Hence grew up the rule of permitting the officers of a corporation to be made co-defendants for the purposes of discovery, to enable complainants to obtain full knowledge of all facts material to their action or defense. The answer of the officer could, however, not be used as evidence against the corporation, but it served only to enable the plaintiff to understand his rights, and direct his suit, action, or defense; and the plaintiff could afterward examine the officer or servant as a witness when the corporation could have the benefit of a cross-examination, or disprove the matters contained in his answer. Wych v. Meal, 3 Peere Williams, 312; Vermilyea v. Fulton Bank, 1 Paige 37; Many v. Beekman Iron Co., 9 Ibid 188.

"The reason given for this inadmissibility of the answer of the officer as evidence against the corporation is the rule that the answer of one defendant in chancery cannot be used or is not evidence against his co-defendant; the admissions of the one do not bind the other."

See also Daniell's Chancery Pleading & Practice (6th Ed.) Vol. 1, Section 4, page 145, to the same effect. Compare: Commercial Bank in Panama City v. Atlanta & St. Andrews Bay Ry. Co., 120 Fla. 167, 162 Sou. Rep. 512.

The allegations of the bill under attack in this case establish it as a good bill for pure discovery under the authorities hereinbefore cited. The interrogatories upheld by the Court below as against the motion to strike, being appropriate to the bill and the particular discovery sought thereby, it follows that the order appealed from denying the motion to dismiss and overruling the motion to strike is without error and should be allowed to stand.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.