JOHNSON, Judge.
This is an interlocutory appeal from a chancery court order dismissing appellant’s-amended complaint.
The complaint was brought for discovery against the defendants Petroleum-Carrier Corporation, Liberty Mutual Insurance Company, the insurance carrier for Petroleum Carrier Corporation and against Gilman Paper Company, at whose plant, or on whose premises the accident occurred which gives rise to this action. The person-injured in the accident, resulting in his-death, was an employee of Petroleum Carrier Corporation, and covered by the Workmen’s Compensation Statutes, and which,, as is admitted by the appellant in her brief *926 (page 10), prohibits suit for damages being brought against the employer, Petroleum Carrier Corporation. This, of course, also eliminates the insurance carrier, Liberty Mutual Insurance Company, from suit for damages.
Appellees filed separate motions to dismiss the amended complaint, but upon the same grounds, namely:
“1. The Amended Complaint fails to state a cause of action for discovery in equity in that plaintiff has adequate remedies at law for discovery.
“2. The Amended Complaint fails to state a cause of action for discovery in that it does not allege facts sufficient to show that the discovery sought is necessary to enable the plaintiff to maintain a pending cause of action or a cause of action about to be brought in another Court and that such cause of action is legally sufficient.
“2. The Amended Complaint fails to state a cause of action for declaratory decree in that it does not allege facts which show that plaintiff is in doubt as to the existence or nonexistence of any immunity, power, privilege or right, or of any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend.”
The Chancellor granted both motions to •dismiss and gave the plaintiff 30 days to further amend. The plaintiff elected to •enter her interlocutory appeal to this court, assigning as error three points, namely:
“1. The Court erred in the entry of the Order dismissing the amended complaint entered herein on November 4, 1966.
■“2. The Court erred by the entry of said Order and finding that the Amended Complaint failed to state a cause of action upon which relief could be granted.
“3. The Court erred in finding that the remedy of a bill for discovery is not available to a plaintiff prior to the institution of suit for damages.”
The appellee Gilman Paper Company, has adopted the views set forth by the appellees Petroleum Carrier Corporation and Liberty Mutual Insurance Company, which has filed a joint brief, the same attorneys representing the two latter appellees.
In appellees’ brief, it is urged that the complaint is seeking discovery in aid of prosecution of an action at law for damages which the plaintiff “verily believes” she has against Gilman Paper Company, one of the appellees, but that such practice and procedure of a bill for discovery in equity is no longer available to a plaintiff in Florida. Appellees cite First National Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (1936), and Article V, Sec. 3 of the Florida Constitution, F.S. A., in support thereof.
The Supreme Court of Florida said in the First National Bank of Miami v. Dade-Broward Co., supra, that pure bills for discovery have so long been an acknowledged subject of equity jurisdiction that statutes purporting to give other and simpler means of obtaining that identical relief are not regarded as ousting the equity jurisdiction, at least in the absence of some clear legislative declaration to that effect. We do not construe Article V, Section 3 of the Florida Constitution as “ousting” the equity jurisdiction for entertaining a bill for discovery. The newer method as provided for in our Rules of Civil Procedure 30 F.S.A. may be simpler and easier, but there is no clear legislative statement, nor statement in the Rules, that such new procedure for discovery was intended to bar a court of equity from affording discovery relief under proper circumstances.
In First National Bank of Miami v. Dade-Broward Co., supra, it is pointed *927 out that the general rule in equity is that a person -who has no interest in the subject matter of the suit, or is merely a witness, cannot be made a party defendant to a bill either for relief or for purposes of discovery, so it is our conclusion in this case, that inasmuch as the appellant admits she cannot bring suit for damages against Petroleum Carrier Corporation and its insurance carrier Liberty Mutual, we feel and so determine that the chancellor was correct in dismissing the amended complaint as to Petroleum Carrier Corporation and Liberty Mutual Insurance Company.
As to the appellee Gilman Paper Company, we think the bill for discovery met the minimum requirements to make a good complaint and that the chancellor was in error in- granting the motion to dismiss of this appellee.
The order appealed is affirmed as to the appellees Petroleum Carrier Corporation and Liberty Mutual Insurance Company, but is reversed as to the appellee Gilman Paper Company and said cause remanded to the lower court for further proceedings in accordance with the views herein expressed.
Reversed in part, affirmed in part and remanded.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.