PER CURIAM.
Jack earner’s two interlocutory appeals to challenge two orders of the chancellor below have been consolidated.
His first argument on appeal is that the Florida Rules of Civil Procedure have abrogated a pure bill for discovery.
We find no specific language in the Rules of Civil Procedure indicating an intent to abrogate, or abolish, the traditional right of a court to entertain pure bills of discovery. In First Nat. Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (1937), the court stated:
* * * * * *
“The bill in controversy is a pure bill for discovery.
“Such a bill lies to obtain the disclosure of facts within the defendant’s knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court. The fact that there are legislative acts separately authorizing a discovery at law or in equity in other ways than by a bill in equity in the form of a pure bill for discovery is immaterial. Pure bills for discovery have so long been an acknowledged subject of equity jurisdiction that statutes purporting to give other and simpler means of obtaining that identical relief are not regarded as ousting the equity jurisdiction, at least in the absence of some clear legislative declaration to that effect. * * * ” (Id. at 171 So. 510-511).
* * * * * *
Consequently, it has recently been held, under the authority of this case, that the Florida Rules of Civil Procedure were not intended to oust a court of equity from affording discovery relief under proper circumstances. Poling v. Petroleum Carrier Corporation, Fla.App.1967, 194 So.2d 925.
Appellant next claims that the chancellor committed reversible error in the entry of the two orders appealed from in that they were “improvidently” entered. We have examined the orders herein challenged and find no reversible error was committed by their entry.
Affirmed.