349 So.2d 829 (1977)
NATIONAL CAR RENTAL and Travelers Insurance Company, Appellants,
v.
Gloria SANCHEZ, Appellee.
No. 77-983.
District Court of Appeal of Florida, Third District.
September 13, 1977.
Greene & Cooper, Miami, Joel R. Teague, Coral Gables, for appellants.
Miguel A. Suarez, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
BARKDULL, Judge.
The appellee, Sanchez, was injured in an automobile accident on December 3, 1976. The other vehicle involved was an automobile owned by National Car Rental and insured by Travelers Insurance Company.
On February 15, 1977, National and Travelers filed a complaint in the nature of a pure bill for discovery, seeking to obtain an independent medical examination of Sanchez *830 to ascertain her present medical condition, because Sanchez was allegedly contemplating filing a complaint for injuries sustained in the December 3, 1976 accident. A motion to dismiss was filed by Sanchez. The trial court granted same without stating the grounds therefor and this appeal ensued.
The Legislature amended the no fault insurance law in 1976 to include Section 627.737(2)(e), Florida Statutes, which reads as follows:
"(e) A serious, nonpermanent injury which has a material degree of bearing on the injured person's ability to resume his normal activity and lifestyle during all or substantially all of the 90 day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period."
The appellants contend that it then became necessary, in order to protect their possible defenses, to obtain an independent medical examination of Sanchez either during the 90-day period or shortly thereafter.
We affirm the trial court for several reasons. First, to permit what the plaintiffs sought in the trial court would place an additional burden on the trial courts of this State in automobile accident personal injury cases, because in those instances where an injured party ultimately filed a complaint seeking damages for alleged injuries it would not only be possible but, in all probability, a fact that insurance carriers would already have filed an independent action seeking the same relief sought by the action filed in the trial court in the instant matter. One of the reasons for the adoption of the no fault insurance provisions in this State was to eliminate certain matters being presented to the trial courts for consideration. Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974). If the trial court were to be required to entertain a pure bill of discovery[1] (which we find to still be viable in Florida) to determine whether a potential plaintiff could meet the threshold requirements of the no fault act, this would obviously burden the trial courts with trying matters which could just as well be determined in an ordinary common law action filed by the injured party.
We further note that the Legislature amended the statute to provide for just such a physical medical examination, as requested of the injured party in the trial court in this matter, when it related to PIP benefits. See: Section 627.736(7)(a), Florida Statutes (1976). Applying principles of statutory construction that where the Legislature includes in one section of a chapter the right for an independent medical examination and excludes it in another, the courts ordinarily construe this to be a deliberate omission and we so hold in the instant matter. In this connection, see: Florida Industrial Commission v. National Trucking Company, 107 So.2d 397 (Fla. 1st DCA 1958); Peterman v. Floriland Farms, Inc., 131 So.2d 479 (Fla. 1961).
Therefore, for the reasons above stated, the order of the trial judge here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Poling v. Petroleum Corporation, 194 So.2d 925 (Fla. 1st DCA 1967); Carner v. Ratner, 207 So.2d 310 (Fla. 3d DCA 1968).