555 So.2d 1273 (1989)
WATERMAN BROADCASTING CORPORATION d/b/a WBBH-TV and Terry Lombardi f/k/a Terry Corrico, Appellants,
v.
SARO, INC. d/b/a Transmission Kingdom, Appellee.
No. 89-01636.
District Court of Appeal of Florida, Second District.
December 22, 1989.
*1274 Steven Carta of Simpson, Henderson, Savage & Carta, Fort Myers, for appellants.
William E. Stockman of Allen, Knudsen, DeBoest, Edwards & Roberts, P.A., Fort Myers, for appellee.
PARKER, Judge.
Waterman Broadcasting Corporation d/b/a WBBH-TV (WBBH) and Terry Lombardi appeal the trial court's entry of a temporary injunction without notice. We reverse.
The central question in this appeal is whether a temporary injunction can be issued without the commencement of a cause of action. In that instance, we find a temporary injunction cannot issue.
Saro, Inc. d/b/a Transmission Kingdom (Saro) filed a verified complaint seeking a temporary injunction without notice. In the complaint Saro alleged that WBBH had conducted an investigation into Saro's business. Pursuant to that investigation, WBBH had used Terry Lombardi's vehicle as a test vehicle to be serviced by Saro for a transmission tune-up and inspection. Following Saro's inspection, WBBH commenced a series of television investigative reporting broadcasts which contained alleged defamatory statements that Saro had attempted to defraud Lombardi by recommending unnecessary repair work, that Saro had "used the oldest trick in the book," and that Saro had not changed the transmission fluid as it had contracted to do.
Saro further alleged that an inspection of Lombardi's vehicle would reveal that there was substantial damage to the transmission at the time that Saro inspected it, that Saro did replace the transmission fluid, and that the transmission, as well as WBBH's video tapes and memos, were crucial evidence that would be needed by Saro to prove a slander and libel action against WBBH.
Saro further alleged in the complaint for an injunction that it had served a five-day notice of intent to file a slander and libel action against WBBH[*] and that it feared that appellants would destroy, alter, or repair the transmission before suit was actually filed. As a result, Saro sought a temporary injunction which would restrain such action by WBBH and Lombardi and further would prevent the destruction of *1275 any video tapes, audio tapes, personal notes, or memos relating to WBBH's investigation.
The initial pleading for a temporary injunction was filed as an ex parte complaint, but prior to the hearing on the injunction, counsel for WBBH and Lombardi was notified and appeared at the hearing. At the injunction hearing, the trial court brought to counsel's attention that it was within the judge's common knowledge that video tapes of previously aired broadcasts were commonly reused and therefore erased by television stations in the normal course of their business. WBBH's counsel confirmed this general fact, but had no knowledge of whether or not the tapes involved in this investigation had been erased.
At the hearing, counsel for WBBH and Lombardi stated that he would advise his clients at the conclusion of the hearing to preserve the evidence regarding their investigation of Saro. When Saro's counsel requested a stipulation to the preservation of that evidence, counsel for WBBH and Lombardi refused. The trial court then informed counsel for WBBH and Lombardi that if they would agree to stipulate to the preservation of the evidence, the court would dissolve the injunction. Counsel offered no response to this suggestion of the court. The trial court entered an order granting a temporary injunction, specifically restraining WBBH and Lombardi from repairing, destroying, or altering the transmission and further restraining them from destroying any notes, memos, messages, letters, diaries, video tapes, audio tapes, or other electronic recordings related to this investigation. The court ordered that Saro post a $15,000 bond.
Saro's predicament is that it must first file a complaint or allege a cause of action for defamation in its pleading for a temporary injunction before injunctive relief can be granted. See Hall v. Hanford, 64 So.2d 303 (Fla. 1953); Merrell v. Bonita Springs Golf Course, Ltd., 512 So.2d 974 (Fla. 2d DCA 1987) (where no action is pending against appellants, no injunction may issue). On the other hand, Saro is required under section 770.01, Florida Statutes (1987), to furnish WBBH with written notice five days prior to filing any claim against WBBH for defamation. See Ross v. Gore, 48 So.2d 412 (Fla. 1950).
Saro therefore is faced with a "catch-22" situation: if it alleges a claim for defamation in conjunction with its pleading for injunctive relief (or by a separate complaint filed contemporaneously with the request for injunction) as required under the case law (see Hall; Merrell), then Saro will be in violation of the statutory notice provision, and its complaint will be subject to dismissal. If Saro complies with the notice provision and submits a five-day notice of intent to file defamation suit before seeking injunctive relief in the defamation action, then it runs the risk that some of the evidence, which forms the basis of Saro's defamatory claim, may be destroyed by the media within that period. Section 770.01 does not provide for the preservation of evidence during the interim five-day period before suit is filed.
Saro maintains that the order being appealed is in the nature of a preservation of evidence order rather than a temporary injunction. The name given to the contested order, however, is irrelevant because the trial court was without authority to enter any such order before its jurisdiction was first invoked by the filing of a complaint or other pleading stating a cause of action. See Solimando v. International Medical Centers, 544 So.2d 1031, 1033 (Fla. 2d DCA), review dismissed, 549 So.2d 1013 (Fla. 1989) (citing Florida Power & Light Co. v. Canal Authority, 423 So.2d 421, 423-24 (Fla. 5th DCA 1982), review denied, 434 So.2d 887 (1983)). Although Saro is correct that Florida still recognizes pure bills of discovery, Saro's verified complaint seeking a temporary injunction against WBBH does not qualify as such. The complaint did not seek discovery of any facts or evidence in WBBH's control but merely was attempting to obstruct WBBH from destroying any such facts or evidence. See First Nat'l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (1936).
We fully understand the dilemma of Saro. Saro has no avenue open to furnish *1276 its notice to file the lawsuit and at the same time protect the very evidence upon which the lawsuit is predicated. However unfair the result reached, the "catch-22" presented by these facts can only be corrected by the legislature.
Accordingly, we reverse the trial court's entry of the temporary injunction and remand for proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, A.C.J., and HALL, J., concur.
NOTES
[*] Section 770.01, Florida Statutes (1987) provides:

Notice condition precedent to action or prosecution for libel or slander.  Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.