696 So.2d 1369 (1997)
PUBLIX SUPERMARKETS, INC., Petitioner,
v.
Zarkia T. FRAZIER, Respondent.
No. 97-0993.
District Court of Appeal of Florida, Fourth District.
July 30, 1997.
*1370 Dennis M. O'Hara and Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., for petitioner.
Darryl L. Lewis of Hutchinson & Lewis, P.A., Fort Lauderdale, for respondent.
WARNER, Judge.
After suffering an accident while operating a forklift owned by the petitioner Publix Supermarkets, respondent, without commencing a cause of action against Publix or the maker of the forklift, filed a "Verified Ex Parte Emergency Petition to Preserve Evidence." Based on that petition alone, the trial court entered an order requiring Publix to preserve the forklift and to allow respondent to examine and inspect both the forklift and any documents Publix maintained regarding the forklift. We hold that the petition was not authorized under any rule of procedure nor was it sufficient as a true bill of discovery. We therefore grant the writ.
The entered order constitutes a departure from the essential requirements of law, because it is not based on any recognized Florida procedure. While Florida Rule of Civil Procedure 1.290 provides for the preservation of testimony prior to suit, it may not be used as a general means of obtaining presuit discovery. See Home Ins. Co. v. Gonzalez, 648 So.2d 291 (Fla. 3d DCA 1995). The rule does not include in its terms any requests to preserve physical property.
Respondent concedes the inapplicability of Rule 1.290. Instead, he claims that the verified petition was a pure bill of discovery. A pure bill of discovery "lies to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution *1371 or defense of an action pending or about to be commenced in some other court." First Nat'l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510, 510-11 (1936). A bill of discovery should show:
the matters concerning which the discovery asked for is sought, the interests of the several parties in the subject of the inquiry, the complainant's right to have the relief prayed, its title and interest, and what the relationship of same is to the discovery claimed, and that the discovery so attempted to be had is material to the complainant's rights that have been duly brought into litigation on the common-law side of the court under circumstances that entitle the complainant to a disclosure of what is necessary to maintain its own claim in that litigation, and not that of the defendant in the case.
171 So. at 511. In the instant case, no such allegations were made. The respondent simply wanted to preserve the forklift to see if it was defective and could have contributed to the accident. In other words, the respondent was trying to determine if he had any cause of action. That is not the purpose of a pure bill of discovery. It is not to be used as a fishing expedition to see if causes of action exist.
We distinguish Adventist Health System/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990), in which the fifth district permitted a pure bill of discovery to depose medical witnesses regarding the care and treatment of a medical patient. The depositions were necessary in order to determine whether the respondent could obtain a medical expert opinion concluding that medical malpractice had occurred, a statutory prerequisite to filing the suit. Because the statutorily authorized means of discovery had not permitted the respondent to obtain statements of what happened during the patient's treatment, the court concluded that equity and justice required discovery to proceed. Otherwise, the respondent would lose her cause of action. No such result would occur in the instant case. The respondent is not precluded from filing a complaint against Publix or the forklift manufacturer. The same impediments to suit in a malpractice action are not present here.
For these reasons, we grant the writ and vacate the order of the trial court. We do not address the remaining issues raised.
SHAHOOD, J., concurs.
STEVENSON, J., concurs specially with opinion.
STEVENSON, Judge, concurring specially.
I agree that respondent's petition for ex parte relief should not have been granted and was not authorized under any rule of procedure.[1] To the extent that the petition could be considered as seeking a true bill of discovery, I also agree that it was insufficient. However, dismissal with prejudice would not be warranted because from this record we cannot determine that respondent would be unable to present a proper complaint seeking a true bill of discovery if given the opportunity to amend the pleading. See Dryden Waterproofing, Inc. v. Bogard, 488 So.2d 672, 673 (Fla. 4th DCA 1986) (reaffirming the well-established principle that leave to amend a complaint should be freely allowed unless the privilege has been abused or it is clear that the pleading cannot be amended to state a cause of action). The majority opinion does not preclude respondent from filing an amended complaint and attempting to state a proper cause of action;[2] yet, to avoid any misunderstandings on remand, I think we should expressly say so.
The majority is correct in distinguishing Adventist Health System v. Hegwood, 569 So.2d 1295, 1297 (Fla. 5th DCA 1990), from the instant case because the facts there present a far more compelling need for the true *1372 bill of discovery. In that case, as the majority points out, the plaintiff was in danger of losing her ability to bring a medical malpractice claim without the information she sought through the true bill of discovery. In the instant case, respondent is not prevented from filing a complaint (or at least, up to this point, he has made no such allegations), and after any complaint is filed, he will most likely be entitled to discover under the Rules of Civil Procedure most of the information he now seeks.
Nevertheless, the fact that respondent in the instant case would be entitled to the information he seeks through routine discovery if he were to file a civil lawsuit does not automatically preclude relief by way of the still viable common law true bill of discovery.
The fact that there are legislative Acts separately authorizing a discovery at law or in equity in other ways than by a bill in equity in the form of a pure bill is immaterial. Pure bills for discovery have so long been an acknowledged subject of equity jurisdiction that statutes purporting to give other and simpler means of obtaining that identical relief are not regarded as ousting the equity jurisdiction, at least in the absence of some clear legislative declaration to that effect. (citations omitted).
First Nat'l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 596, 171 So. 510, 511 (1936).
One of the purposes of a true bill of discovery is to allow the injured party to ascertain whether a lawsuit may properly be asserted and under what theory or theories. See Sunbeam Television Corp. v. Columbia Broad. Sys., Inc., 694 F.Supp. 889, 892 (S.D.Fla.1988); Adventist Health Sys.. There must of course be some basis for targeting a particular defendant, and where a plaintiff is truly on nothing more than a "fishing expedition," the court, in equity, will not supply the rod and reel. In the instant case, when and if the proper allegations are made, it will be up to the trial court to initially determine whether respondent is entitled in equity to the relief he seeks, or whether respondent is merely, as the majority states, "on a fishing expedition."
NOTES
[1] A party may file a motion for temporary injunctive relief seeking to preserve evidence in an appropriate case, but a complaint must first be filed or the petition for an injunction must itself state a cause of action. See Waterman Broad. Corp. v. Saro, Inc., 555 So.2d 1273, 1275 (Fla. 2d DCA 1989). In those respects, the present petition was insufficient as a matter of law to entitle petitioner to injunctive relief under Florida Rule of Civil Procedure 1.610.
[2] Our opinion does nothing more than vacate the trial court's order granting respondent's ex parte emergency petition to preserve evidence.