700 So.2d 46 (1997)
Gustavo MENDEZ and Ernesto Mendez, Petitioners,
v.
Ron COCHRAN, as Sheriff of Broward County, Florida, Respondent.
No. 97-1786.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Rehearing and Clarification Denied October 28, 1997.
*47 David H. Reimer of David H. Reimer, P.A., Miami Lakes, for petitioners.
Charles T. Whitelock and Richard J. Simeone of Whitelock, Rodriguez & Williams, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
We grant this petition for certiorari and quash the trial court order denying Petitioners/Defendants' motion for a protective order. Publix Supermarkets, Inc. v. Frazier, 696 So.2d 1369 (Fla. 4th DCA 1997).
The Sheriff instituted this independent lawsuit, which constitutes solely a pure bill of discovery seeking production of audiotapes of conversations allegedly surreptitiously recorded by Petitioners, and noticed Petitioners for deposition. The acknowledged purpose of filing this action is to ask Petitioners about the facts surrounding the bill in order "to ascertain whether criminal or civil statutory violations, including an invasion of [the Sheriff's][and others'] privacy rights ... have occurred."
We recognize that a bill of discovery is available as an aid in bringing or defending an action about to be commenced. It may be used to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit. Sunbeam Television Corp. v. Columbia Broad. Sys., 694 F.Supp. 889, 892 (S.D.Fla.1988); Adventist Health Sys.,/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990). However, it may not be used "as a fishing expedition to see if causes of action exist." Publix, 696 So.2d at 1371. Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden on the court system. See National Car Rental v. Sanchez, 349 So.2d 829 (Fla. 3d DCA 1977).
There is nothing in this record reflecting that the Sheriff's position is distinguishable from that of other plaintiffs who would use this investigation tool to seek information that might uncover a potential claim. See Publix, 696 So.2d at 1370-71.
Therefore we grant the petition and quash the order and remand for further proceedings consistent with this opinion.
STONE, C.J., and GUNTHER and PARIENTE, JJ., concur.