758 So.2d 1175 (2000)
JM FAMILY ENTERPRISES, INC., a Delaware corporation, and World Omni Financial Corp., a Florida corporation, and Southeast Toyota Distributors, Inc., a Florida corporation, Patricia G. Moran, Christine B. Coyle, and Gary Thomas, Petitioners,
v.
Ross M. FREEMAN and Kelli A. Freeman, Respondents.
No. 4D00-0159.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
Daniel F. Katz and Paul B. Gaffney of Williams & Connolly, Washington, D.C., and James S. Bramnick, and Carmen S. Johnson of Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, for petitioners.
William R. Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for respondents.
PER CURIAM.
Petitioners seek review of a non-final order denying their motion to dismiss Respondents' complaint in equity for a pure bill of discovery. We grant the petition.
Respondents filed this complaint against Petitioners-Kelli Freeman's employer, Ross Freeman's former employer, and other persons related to their employment seeking to discover additional facts before *1176 filing the civil action they contemplate filing against them in connection with Ross' being fired from his employment and Kelli's not receiving promotions for which she believes she was qualified. They assert in great detail the bases for their suspicions that they have claims against various of the petitioners, including discrimination based on age, marital status, and religion, defamation, conspiracy, and tortious interference with a business relationship.
Respondents' stated purpose for the pre-suit discovery was to determine whether they have non-frivolous grounds, and which ones, and against which defendants. Petitioners moved to dismiss, noting that both Respondents had already filed discrimination charges against the employers with the Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission, and arguing that, with the specificity of the claims detailed in the complaint, Respondents do not lack a good faith basis to file a complaint for damages absent the discovery sought in the complaint.
We conclude that if Respondents are entitled to a pure bill of discovery in this case, the same would be available in virtually every case. Respondents' only reason for seeking discovery by means of the pure bill, rather than filing a civil action against Petitioners and then proceeding with discovery in that context, is their reluctance to become exposed to claims for the other parties' attorneys fees in filing a frivolous lawsuit without first determining what, if any, evidence supports their grounds for recovery.
We grant the petition and quash the order denying the motion to dismiss. While we agree that the pure bill of discovery has not been abrogated by the later adoption of liberal rules of discovery, see First Nat'l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (Fla. 1936), we agree with Petitioners that its use should now be relatively rare. "Because state and federal rules of civil procedure have relaxed many of the older code pleading requirements and now authorize liberal discovery, it is rare that a party has need to invoke this equitable remedy." Trak Microwave Corp. v. Culley, 728 So.2d 1177, 1178 (Fla. 2d DCA 1998).
As this court has stated before, a pure bill in discovery
may not be used "as a fishing expedition to see if causes of action exist." Publix [Supermarkets, Inc. v. Frazier], 696 So.2d [1369] at 1371 [(Fla. 4th DCA 1997)]. Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden on the court system. See National Car Rental v. Sanchez, 349 So.2d 829 (Fla. 3d DCA 1977).
Mendez v. Cochran, 700 So.2d 46, 47 (Fla. 4th DCA 1997) (emphasis added). In Mendez, we concluded that there was nothing in the record distinguishing the plaintiff's claim from that of others who would use the same investigation tool "to seek information that might uncover a potential claim." Id. (citing Publix Supermarkets, 696 So.2d at 1370-71). Compare Adventist Health System/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990) (pure bill of discovery granted and certiorari denied where mother needed discovery to obtain expert opinion to satisfy pre-suit requirement in medical malpractice case). Likewise, nothing in the instant record demonstrates Respondents' particular need for a pure bill of discovery.
Accordingly, we quash the order denying Petitioners' motion to dismiss.
WARNER, C.J., STONE and FARMER, JJ., concur.