GRIFFIN, J.
Rayon Payne [“Payne”], pro se, has appealed the trial court’s order dismissing his complaint against Julia Ruth Beverly [“Beverly”] with prejudice and awarding Beverly attorney’s fees and costs. We reverse.
On March 1, 2006, Payne filed a “Complaint for Discovery” against Beverly, Tu-cows, Inc., and HostGator.com. In his complaint, Payne alleged that he was the registered owner of the “95LIVE.COM” domain [“the domain”] in October of 2002 and that, while Payne was in prison, John Bondorowsky fraudulently • accessed Payne’s e-mail account and illegally altered records for the domain to reflect that Bon-dorowsky was the domain’s owner. Bon-dorowsky then sold the domain to Beverly. When Payne was released from prison on July 12, 2005, he contacted Beverly, Tu-cows, Inc., and HostGator.com in an effort to secure the return of the domain, but was not successful.
In the complaint, Payne demanded that Tucows, Inc. provide him with documentation disclosing its association with the domain. He alleged that such discovery was necessary to establish that he was the rightful owner of the domain. He also demanded that Beverly provide documentation pertaining to the purchase and sale of the domain. Finally, he demanded that HostGator.com provide him with documentation disclosing the identity and true physical address of the persons currently in possession of the domain. Payne alleged that he intended to bring an action to secure the return of his domain but needed the discovery to do so. He alleged that this was the only means of discovery available to him to obtain this information.
On March 2, 2006, Payne filed a “Motion for Injunction,” in which he asked the trial court to suspend the domain until the matter had been resolved. Then, on March 21, 2006, Payne filed “Amended Pleadings Motion for Return of Intellectual Property (95LIVE.COM)” with the trial court. In this motion, Payne amended his March 1, 2006, complaint for discovery to include a motion asking the trial court to return the domain to him. Further, he alleged that HostGator.com and Tucows, Inc. had provided the information he asked for, but Beverly had not.
*1114 On March 29, 2006, Beverly filed a Motion to Dismiss Complaint, asking the trial court to dismiss the complaint (and any amendments) on the ground that Payne “failed to allege any facts which state a cause of action upon which relief may be granted with regard to Defendant Beverly.” Additionally, Beverly asked the trial court to order Payne to pay her attorney’s fees and costs incurred by Beverly pursuant to section 57.105, Florida Statutes (2005). The trial court granted both motions, dismissing the action with prejudice and awarding section 57.105 fees. We conclude that it was error to dismiss the complaint with prejudice and to award fees on the basis that the suit was frivolous.
Historically, “[t]he purpose of the bill of discovery was to obtain information so the complainant could prosecute his rights in a common law action that was either pending or in prospect.” HENRY P. TRAWICK, JR., FLORIDA PRACTICE AND PROCEDURE § 16:1 (2007). Today, the device may still “be used to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit.” Mendez v. Cochran, 700 So.2d 46, 47 (Fla. 4th DCA 1997); see also JM Family Enters., Inc. v. Freeman, 758 So.2d 1175, 1176 (Fla. 4th DCA 2000) (While “the pure bill of discovery has not been abrogated by the later adoption of liberal rules of discovery ... its use should now be relatively rare.”).
A complaint for a pure bill of discovery generally must allege: (1) the nature and contents of documents or other matters in the defendant’s possession or control, as to which discovery is prayed, (2) the matter or controversy to which the requested discovery relates, (8) the interest of each party in the subject of the inquiry, (4) the complainant’s right to have the requested relief, (5) the complainant’s title and interest, as well the complainant’s relationship to the discovery claimed, and (6) that the requested discovery is material and necessary to maintain the complainant’s claims in the prospective litigation. See Nat’l Bank v. Dade-Broward Co., 125 Fla. 594, 596, 171 So. 510 (1936); Publix Supermarkets v. Frazier, 696 So.2d 1369, 1371 (Fla. 4th DCA 1997); 19A FLA. JUR. Discovery and Depositions § 6 (2006); Daniel Mormon, Trial Lawyers Forum: The Complaint for a Pure Bill of Discovery A Living, Breathing Modem Day Dinosaur?, 78 Fla. Bar J. 50, 51 (2004). A pure bill of discovery may also be amended to state a cause of action at law. See Surface v. Town of Bay Harbor Islands, 625 So.2d 109 (Fla. 3d DCA 1993).
Payne contends that the trial court erroneously concluded that he was not entitled to discovery because there was no pending action. Payne correctly asserts that a complainant may obtain discovery from a defendant through a pure bill of discovery. The only remaining issue then is whether the complaint satisfied the pleading requirements of a pure bill of discovery. Although not artfully pled, it does appear that most of the essential elements are contained in the complaint. The issue as to Beverly is complicated by Payne’s subsequent allegations that Tu-cows, Inc. was in control of the domain, making it unclear what the purpose of discovery from Beverly would be. Even if the dismissal were for such a pleading deficiency, however, it should normally be without prejudice to amend. This being so, it was error to assess fees against Payne on the basis of section 57.105, Florida Statutes (2005).
REVERSED and REMANDED.
SAWAYA and TORPY, JJ., concur.