FARMER, J.
Before filing a civil action for damages, respondent Weaver filed a petition for a “pure bill of discovery” relating to catastrophic injuries resulting when his father fell from a dock. He explained that, owing to his condition, the father is himself unable to provide details about the fall. Contending that defects in the dock apparently caused the fall, he sought an order preserving the dock in its present condition long enough for an order allowing him or his agents to enter upon the property to inspect, photograph and test the dock before it can be repaired and changed. He *587 alleged that the failure to preserve the improvement or to allow testing before it is demolished and rebuilt would seriously impair his ability to prosecute an action for damages.
The dock’s owner moved to dismiss the petition on the basis that respondent had adequate discovery remedies at his disposal if and when he should file an action for damages. At a hearing, the trial court wondered if the owner would waive any claim to attorneys fees for filing a frivolous action if the court denied the petition. The owner declined to state any position on frivolous action attorneys fees. The court ultimately granted the petition, allowing claimant’s experts the access to inspect, photograph and test the dock without destruction. The order also purported to allow access to municipal and county records of the improvement on the property. Owner seeks certiorari review of the order.
The trial court did not necessarily depart from the essential requirements of law in allowing a pure bill of discovery. It is true that, along with other courts, we have observed that this kind of relief ought to be rarely needed. E.g., JM Family Enter. Inc. v. Freeman, 758 So.2d 1175 (Fla. 4th DCA 2000). Maybe so, but rare does not mean dead. It is still an authorized proceeding.
Under the current state of the law, a pure bill of discovery should be granted if there is some reasonable basis to believe that discovery in a later damages action would be inadequate or too late to vindicate the litigant’s right to evidence. When that has been made to appear, the pure bill allows a putative plaintiff to “obtain the disclosure of facts within the defendant’s knowledge, or deeds or writings or other things in [the defendant’s] custody, in aid of the prosecution or defense of an action pending or about to be commenced.” First National Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510, 510-11 (1936). It may also avoid a spoliation claim later. See St. Mary’s Hosp. v, Brinson, 685 So.2d 33 (Fla. 4th DCA 1996), rev. denied, 695 So.2d 701 (Fla.1997) (prospective action for damages is valuable ‘probable expectancy’ that court must protect from interference).
This case is distinguishable from Publix Supermarkets, Inc. v. Frazier, 696 So.2d 1369 (Fla. 4th DCA 1997). The issue in that case was whether the preservation and inspection of the fork lift could be carried out under a pure bill of discovery before any damages action had been filed. Judge Stevenson there pointed out that the defect in the case was in pleading the claim for a pure bill of discovery, not that the merits conclusively cut against it. As he explained in his concurring opinion:
“the fact that respondent in the instant case would be entitled to the information he seeks through routine discovery if he were to file a civil lawsuit does not automatically preclude relief by way of the still viable common law true bill of discovery. ...
“One of the purposes of a true bill of discovery is to allow the injured party to ascertain whether a lawsuit may properly be asserted and under what theory or theories. There must of course be some basis for targeting a particular defendant, and where a plaintiff is truly on nothing more than a ‘fishing expedition,’ the court, in equity, will not supply the rod and reel.”
696 So.2d at 1372 (Stevenson, J., concurring specially).
The issue in any prospective claim for negligence here will be straightforward. Was the dock negligently designed, or was it negligently maintained, or both? In this case, the victim has been so incapacitated *588 from the incident that he cannot assist in narrowing the claim to the appropriate defendant. Thus, it cannot be said that the resort to a pure bill of discovery has no foundation. Preservation and inspection of the dock in its current condition is essential to identifying a factual basis for suit against specific defendant(s).
We cannot say that the trial court made any legal error in allowing the bill — let alone that he “departed from the essential requirements of law.” Even less can we say that the owner of the dock will be “irreparably injured” by allowing the pre-suit discovery. He may well be inconvenienced, but he will not suffer harm in any legal sense. Discovering the truth about the condition of the dock is not the kind of “irreparable harm” contemplated by the cases on this subject.

Petition for certiorari denied.

STEVENSON, J., concurs.
MAY, J., dissents with opinion.