MAY, J.
dissenting.
I respectfully dissent. If case law from our court had not repeatedly frowned on the use of the pure bill of discovery, I would concur with the majority. My reading of our precedent however convinces me that this petition should be granted.
Here, the petitioner argues the trial court departed from the essential requirements of law in two ways. First, it required the petitioner to “preserve the dock and seawall for an indefinite time.” Second, the court improperly conditioned its ruling on the petitioner’s willingness to waive fees under section 57.105, Florida Statutes (2007). The respondent suggests that the pure bill was necessary to “ascertain who the potential defendants are and under what theory or theories a lawsuit may be filed.”
This court has consistently held that a pure bill of discovery should rarely be permitted. JM Family, 758 So.2d at 1176 (citing First Nat’l Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510 (1936)). In Mendez v. Cochran, 700 So.2d 46 (Fla. 4th DCA 1997), we wrote a “pure bill of discovery is available as an aid in bringing or defending an action about to be commenced. It may be used to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit.” Id. at 47 (citations omitted). However, it “may not be used ‘as a fishing expedition to see if causes of action exist.’ Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden on the court system.” JM Family, 758 So.2d at 1176 (citations omitted).
In Publix Supermarkets, Inc. v. Frazier, 696 So.2d 1369 (Fla. 4th DCA 1997), this court quashed an order granting a pure bill of discovery under similar circumstances. There, a person filed a petition to preserve evidence for examination and inspection, a forklift the injured person was using while working at Publix. This court found the petition’s allegations insufficient to warrant relief. Id. at 1371 (citing First Nat’l Bank of Miami, 171 So. at 510-11).
The Florida Rules of Civil Procedure provide for liberal discovery once a cause of action is filed. While these rules did not eliminate the pure bill of discovery, they rendered its use rare indeed. See JM Family; Publix Supermarkets; First Nat’l Bank. Although the injured party in this case is apparently unable to provide factual detail about the accident, this fact alone does not provide that rare exception to resort to a pure bill of discovery. Once a complaint is filed, the respondent can obtain nearly unlimited discovery, far more *589 than would be allowed under a pure bill of discovery. I would reserve the use of the pure bill of discovery to those extraordinary circumstances such as demonstrated in Adventist Health System/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990) (allowing pure bill of discovery to comply with condition precedent of expert witness affidavit in medical malpractice action).
I would grant the petition for writ of certiorari.