DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IMC MEDICAL CENTERS, LLC** and
**JOSEPH YORK** a/k/a **JOSEPH ZUMWALT,**
Petitioners,

v.

**JOHN DELUCA,**
Respondent.

No. 4D21-853

[August 11, 2021]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE20-16525 (03).

Richard L. Rosenbaum of Law Offices of Richard Rosenbaum, Fort Lauderdale, and Michael A. Bernstein of Michael A. Bernstein, P.A., Fort Lauderdale, for petitioners.

Marcy S. Resnik and Rachael L. Gibbs of Kahn & Resnik, P.L., Fort Lauderdale, for respondent.

FORST, J.

Petitioners seek a writ of certiorari to quash the trial court's non-final order denying their motion to dismiss Respondent's complaint for a pure bill of discovery. Because Petitioners have failed to demonstrate the requisite irreparable harm necessary for certiorari review, we lack jurisdiction over this petition, and therefore dismiss the petition.

On certiorari review, before an appellate court may determine whether an interlocutory order departs from the essential requirements of law, the petitioner must establish that the challenged order causes material harm which is irreparable by postjudgment appeal. *CQB, 2010, LLC v. Bank of N.Y. Mellon*, 177 So. 3d 644, 645 (Fla. 1st DCA 2015); *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649 (Fla. 2d DCA 1995). Such irreparable harm may be shown where a trial court enters a non-final order denying a petitioner's motion to dismiss a complaint for pure bill of discovery that simultaneously directs the petitioner to disclose the

very discovery sought by the complaint. *Am. Med. Sys., LLC v. MSP Recovery Claims, Series LLC*, 290 So. 3d 548, 549–51 (Fla. 3d DCA 2019) (explaining that a trial court's non-final order in pure bill of discovery actions may be akin to the proverbial "cat out of the bag" discovery orders that courts have routinely found to cause the requisite irreparable harm necessary for certiorari jurisdiction).

In contrast, where the trial court merely denies the petitioner's motion to dismiss and directs the petitioner to file an answer, no irreparable harm is caused. In the latter situation, "should the trial court, after [the petitioner files an answer], render a final judgment compelling discovery, [the petitioner] would have an adequate remedy via plenary appeal and an accompanying stay." *Id.* at 552.

Here, the trial court merely denied Petitioners' motion to dismiss and directed them to file an answer; the court did not require Petitioners to disclose any discovery sought by the underlying complaint. Consequently, Petitioners have not demonstrated the requisite irreparable harm necessary for us to have jurisdiction over this petition.

Petitioners rely upon our opinion in *JM Family Enterprises, Inc. v. Freeman*, 758 So. 2d 1175 (Fla. 4th DCA 2000), in support of their argument. There, we granted a petition for writ of certiorari and quashed the trial court's order denying the petitioners' motion to dismiss the respondents' complaint for pure bill of discovery. *Id.* at 1176. However, our opinion did not mention whether, or to what extent, the challenged order directed the petitioners to disclose the sought-after discovery, nor did the opinion "contain[] any mention of irreparable harm, which . . . is a threshold consideration for an appellate court." *Am. Med. Sys., LLC*, 290 So. 3d at 551. As such, *Freeman* is not applicable to a case where "[t]he challenged order does not require Petitioners to produce any discovery." *Id.* at 552.

As discussed above, Petitioners "at this stage of the litigation, ha[ve] not established the requisite irreparable harm stemming from the trial court's order for us to exercise certiorari jurisdiction." *Geico Cas. Co. v. MSP Recovery Claims*, 46 Fla. L. Weekly D480, 2021 WL 800231, at *1 (Fla. 3d DCA Mar. 3, 2021). Accordingly, we dismiss the petition for lack of jurisdiction.

*Dismissed.*

DAMOORGIAN AND GERBER, JJ., concur.

2

*          *          *

*Not final until disposition of timely filed motion for rehearing.*