SCHWARTZ, Chief Judge.
We reject each of the arguments raised by the defendant in this appeal from his conviction after a jury trial of possession of cocaine and resisting an officer with violence.
*925 His primary point challenges the action of the lower court in removing him from the courtroom for the remainder of the trial after jury selection had been completed but before the testimony had begun. A careful review of the transcript reveals that no error was committed in this regard. Brown’s disruptive behavior during the voir dire and the proceedings prior to the trial itself demonstrates that the trial judge properly exercised the discretion he' possesses to insure a properly conducted trial. In a word, the so-called punishment fit the so-called crime. See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Foster v. Wainwright, 686 F.2d 1382 (11th Cir.1982), cert. denied, 459 U.S. 1213, 103 S.Ct. 1209, 75 L.Ed.2d 449 (1983); see Jones v. State, 449 So.2d 253 (Fla.1984), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984).
The appellant’s claim that the lower court should have conducted a hearing on his plainly insufficient motion to discharge court-appointed counsel is similarly without merit. See Smelley v. State, 486 So.2d 669 (Fla. 1st DCA 1986). The remaining point is frivolous.
Affirmed.