625 So.2d 109 (1993)
Raymond JOSEPH, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-156.
District Court of Appeal of Florida, Third District.
October 12, 1993.
*110 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Cecily Robinson-Duffie, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
Defendant appeals from a conviction and sentence for second degree murder and use of a weapon in the commission of a felony.
We affirm the conviction and sentence for second degree murder. Defendant's obstreperous conduct and repeated outbursts gave the trial court no option but to sanction the defendant, outside the presence of the jury, by binding him to a wheelchair and threatening to gag him, and then removing him from the courtroom.[1]See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (in order to prevent obstreperous defendant from disrupting trial, court may choose to bind and gag defendant, cite him for contempt, or remove him from courtroom); Valdes v. State, 626 So.2d 1316 (Fla. 1993) (trial court justified in keeping defendant out of courtroom until satisfied that defendant would not further disrupt proceedings); Brown v. State, 540 So.2d 924 (Fla. 3d DCA 1989) (trial court did not abuse its discretion in removing disruptive defendant from trial).[2]
Upon the State's proper confession of error, we reverse the conviction and sentence for possession of a firearm in the commission of a felony. Where the use of a weapon is the basis for enhancing the charge of second degree murder to a life felony, double jeopardy bars a separate conviction and sentence for use of a firearm in the commission of a felony. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991) (when robbery conviction enhanced for use of firearm in committing the robbery, single act involving use of same firearm in commission of same robbery cannot form basis of separate conviction and sentence for use of firearm while committing a felony). Reversal of this conviction will not require the trial court to resentence defendant; absent this conviction, defendant's sentence would still be within the same guidelines.
Affirmed in part; reversed in part.
NOTES
[1] All but one of the outbursts occurred outside the presence of the jury.
[2] The trial court gave the jury a curative instruction regarding the defendant's absence from the courtroom during voir dire, and asked whether any of the venire members had a problem with defendant's absence. The two panelists who expressed concern were not selected as jurors.