625 So.2d 109 (1993)
James SURFACE, Appellant,
v.
TOWN OF BAY HARBOR ISLANDS, Appellee.
No. 92-2795.
District Court of Appeal of Florida, Third District.
October 12, 1993.
Andrew J. Anthony, Coral Gables, for appellant.
Sherman and Fischman, P.A., and Craig B. Sherman and F. William Harvey, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
James Surface appeals from an order denying his motion for leave to file an amended complaint and from a final order of dismissal. For the following reasons, we reverse and remand.
Surface, formerly a police lieutenant with the Town of Bay Harbor Islands, filed a complaint denominated as a Pure Bill of Discovery seeking to determine the reasons for his demotion in the police department. Thereafter, the trial court denied his motion to amend the complaint to include a new count under 42 U.S.C. § 1983 alleging a violation of his civil rights. The trial court then entered a final order of dismissal.
The trial court abused its discretion in denying the motion to amend. The Town asserts that a Pure Bill of Discovery cannot be amended to state a cause of action at law and that Surface should be required to file a separate action. However, the Florida Rules of Civil Procedure mandate, "[t]here shall be one form of action to be known as `civil action.'" Fla.R.Civ.P. 1.040. The mere fact that a complaint is called a Pure Bill of Discovery does not mean that it cannot be amended to allege a statutory cause of action. See McSwiggan v. Edson, 186 So.2d 13 (Fla. 1966) (where an amended pleading asserts claims arising out of the same act on which the original pleading is founded, the amended pleading will not be regarded as a new cause of action). Furthermore, "[l]eave of court [to amend] shall be given freely when justice so requires." Fla.R.Civ.P. 1.190(a).
Accordingly, we reverse the orders on appeal and remand for proceedings consistent with this opinion.