643 So.2d 87 (1994)
Raymond ALLEN, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2358.
District Court of Appeal of Florida, Third District.
October 5, 1994.
*88 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BARKDULL, Judge.
Appellant, Raymond Allen, Jr., seeks review of the trial court's entry of judgment and sentence.
Appellant was charged with second degree murder and possession of a firearm during the commission of a felony. During jury selection, the state asked members of the venire whether they or their family members had ever been convicted of a crime. Of the several responses to the question, a black woman named Williams asked for a side bar conference where she told the judge that her brother had been convicted of second degree murder three years earlier. She further told the judge that she thought the police and prosecution had treated her brother unfairly throughout the entire episode. The state attempted to strike the woman from the panel with a peremptory challenge. In response, the defense raised a Neil challenge to the peremptory strike because the state had not attempted to strike other members of the venire who stated that they or their family members had been convicted of a crime. The judge accepted the state's reasons for the challenge and struck Williams from the jury. Thereafter, a trial was held and the jury convicted appellant of the lesser included offenses of manslaughter with a firearm and exhibition of a deadly weapon. At sentencing, the judge enhanced the manslaughter conviction from a second degree felony to a first degree felony because appellant had used a firearm during commission of the crime. Appellant was separately sentenced for exhibition of a deadly weapon.
Appellant argues that the trial judge erred by striking Williams from the jury. Appellant states that the reasons given for the strike were merely a pretext for removing Williams because she was black. In support of this argument, appellant states that other members of the panel were not challenged even though they or their family members had been convicted of a crime.
Appellant correctly recognizes that a challenge based on reasons equally applicable to jurors who were not challenged establishes an impermissible pretext. State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). However, the trial transcript of the jury selection reveals that the trial judge struck Williams from the jury for reason not applicable to the other jurors. First, unlike the other jurors or their relatives, William's brother had been convicted of second degree murder, the exact same crime as the one *89 charged to the defendant. More importantly, at a side bar conference, Williams told the judge that she thought the police and prosecution had treated her brother unfairly. These statements establish a possibility of prosecutorial prejudice in Williams not evident in the other jurors. Thus, it was fully within the trial judge's discretion to strike Williams from the jury for these reasons.
The state does not contest the appellant's second argument that the trial court improperly convicted and sentenced him for exhibition of a weapon. Because use of the weapon served as the basis for enhancing the manslaughter conviction from a second degree felony to a first degree felony, separate conviction and sentence for exhibition of a weapon violated appellant's constitutional right against double jeopardy. Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Joseph v. State, 625 So.2d 109 (Fla. 3d DCA 1993).
Therefore, we affirm the conviction and sentence for manslaughter with a firearm, but reverse the conviction and sentence for exhibition of a deadly weapon.
Affirmed in part, reversed in part.