Nancy STOLLER, as prospective guardian of the person and property of David Stoller, and Nancy Stoller, individually, Plaintiffs,

v.

**NISSAN MOTOR CORPORATION IN USA, a foreign corporation, Defendant.**

No. 95–8767–CIV.

United States District Court, S.D. Florida.

July 11, 1996.

Jack Scarola, Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, FL, for Plaintiffs.

Craig P. Niedenthal and Hayden R. Dempsey, Rumberger, Kirk & Caldwell, Orlando, FL, for Defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review pursuant to the Plaintiffs' Motion for Remand, filed January 11, 1996.

■ The removal procedures are strictly construed because of this Court's limited removal jurisdiction. *Senter v. Sears, Roebuck & Co.*, 712 F.Supp. 179 (S.D.Fla.1989) (Gonzalez, J.); *Cury v. Royal Palm Savings Ass'n*, 713 F.Supp. 388 (S.D.Fla.1989) (Gonzalez, J.). While a Defendant does have a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). For that reason a defendant's right to remove and a plaintiff's right to choose his forum are not on equal footing, and uncertainties are to be resolved in favor of remand. *Id.*

This case is an equitable bill of discovery and does not present the typical removal evaluation. Plaintiffs are not asking for injunctive relief, a judicial determination of distinct legal rights or liabilities which are more readily susceptible to monetary valuation. Here Plaintiffs ask only for access to information.

■ While the fact that equitable relief may not be capable of exact valuation will not negate federal jurisdiction, if the matter is incapable of being reduced to a pecuniary standard of value, jurisdiction cannot be predicated upon 28 U.S.C. § 1332. *Reilly Tar Corp. v. Burlington Northern Railroad Co.*, 589 F.Supp. 275, 279 (D.Minn.1984). Defendants argue for removal to federal court that this case is analogous to actions for declaratory judgment to determine insurance coverage and the amount in controversy in the underlying suit is determinative of the jurisdictional requirement. However, unlike the insurance actions cited by Defendant there is not an underlying suit in this case only the potential for one.

■ The Court finds that the monetary value of information sought via the pure bill of discovery and the amount that may be in controversy in a subsequent personal injury action are not one and the same. *Sunbeam Television Corp. v. Columbia Broadcasting Inc.*, 694 F.Supp. 889, 895 (S.D.Fla.1988) (finding that Florida has defined a subsequent action for relief based on the discovery as distinct from pure bill of discovery). Once this Bill is answered this proceeding terminates and if a subsequent suit for relief is filed it is a separate proceeding entirely. *Id.* Accordingly, the Court finds that it does not have subject matter jurisdiction under 28 U.S.C. § 1332 and therefore, this cause must be remanded.

Having reviewed the motion, the record in this matter, and being otherwise duly advised, it is hereby:

ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand, filed January 11, 1996, is GRANTED. It is further hereby:

ORDERED AND ADJUDGED that this cause be REMANDED to the 15th Judicial Circuit in and

 

for Palm Beach County, Florida, and DIS-MISSED from this Court's federal docket.

DONE AND ORDERED.