Arlen H. NELON, et al.

v.

MITCHELL ENERGY CORPORATION.

Civil Action No. 4:96–CV–578–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

Aug. 28, 1996.

William Louis Kirkman, Bourland & Kirkman, Fort Worth, TX, for Plaintiffs.

Hugh Carter Burdette, Cantey & Hanger, Fort Worth, TX, Thomas George Trott, Mitchell Energy & Development Corp., The Woodlands, TX, Christopher Nielsen Forbis, Sewell & Forbis, Decatur, TX, Raymond Doak Bishop, Hughes & Luce, Dallas, TX, Jack O'Neill, Clements O'Neill Pierce & Nickens, Houston, TX, for Defendant.

### ORDER GRANTING MOTION TO REMAND

(with special instructions to
the Clerk of Court)

MEANS, District Judge.

Pending before the Court is Plaintiff's Emergency Motion to Remand and for Sanctions, filed August 21, 1996. Having carefully considered the motion, the supporting and opposing briefs, and the applicable law, the Court finds that the Motion to Remand and for Sanctions should be GRANTED IN PART AND DENIED IN PART.

### I. Background Facts

This action was originally filed on June 21, 1990 by the plaintiffs, Arlen and Laquita Nelon ("the Nelons"), alleging that the defen-

dant Mitchell Energy Corporation ("MEC") had polluted their supply of groundwater. On July 16, 1996, the Nelons filed their First Amended Petition, and three days later filed a Second Amended Petition. On August 16, 1996, MEC filed its Notice of Removal removing the above-styled and numbered cause to this Court.

MEC bases its removal on two new passages in the Nelons' Second Amended Petition. In count nine of their Second Amended Petition, entitled "Cost of Restoration/Abatement," the Nelons seek "an injunction abating [MEC's] wrongful conduct," and "a complete clean-up and restoration" of their property. Specifically, the Nelons' petition states that they:

> [r]equest the Court to order [MEC] to clean up the contamination as detailed above and to restore the Plaintiffs' property, including their groundwater, aquifers, soil and air, to the condition the Plaintiffs' property was in before [MEC's] acts of contamination, to the extent that portions of the contamination can be addressed in accordance with and by applying established and recommended Environmental Protection Agency (EPA) procedures and clean-up protocols, and in accordance with State and Federal protocols, policies, and procedures. Plaintiffs further ask that this Court retain continuing jurisdiction to ensure that [MEC's] clean-up is effective to both remedy the contamination already caused and to prevent future contamination. In the alternative, Plaintiffs should be allowed to recover damages for the cost to clean up and remediate the damage and pollution to Plaintiffs' property.

(Plaintiffs' Second Amended Petition at 22.) Further in the damages count of their Second Amended Petition, the Nelons request that:

> [s]hould the evidence show that parts or all of the contamination can be addressed by following and applying established and recommended Environmental Protection Agency (EPA) procedures and clean-up protocols, then Plaintiffs seek to have [MEC] ordered to clean up and remediate the contaminated Plaintiffs' property, provided that such clean-up and remediation

is performed and undertaken in accordance with State and Federal protocols, policies, and procedures. In the alternative, Plaintiffs respectfully seek recovery of the reasonable and necessary costs of clean-up and remediation.

(Plaintiffs' Second Amended Petition at 26.)

## II. Analysis

The right to remove a case to federal court derives from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed...." In the case at bar, there is no allegation of diversity jurisdiction, therefore, the propriety of removal depends on whether the action arises under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.

The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1166 (5th Cir.1988). "[R]emoval jurisdiction raises significant federalism concerns, and [the Court] must therefore strictly construe removal jurisdiction." *Id.* (citations omitted). If doubt exists as to the existence of federal jurisdiction, a remand is necessary. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994).

In determining whether a claim arises under federal law, the Court must look to the "well-pleaded complaint," *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986), not the removal petition, *Willy*, 855 F.2d at 1165. Most cases brought under general federal-question jurisdiction are those in which federal law creates the cause of action. *Merrell Dow*, 478 U.S. at 807, 106 S.Ct. at 3232. Federal-question jurisdiction also exists "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* (citation and internal quotations omitted). An action arises under federal law when " 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action ... [and] must be such that it will be supported if the Constitution or laws of the

United States are given one construction of effect, and defeated if they receive another.' " *Willy,* 855 F.2d at 1168 (quoting *Gully v. First National Bank of Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

The presence of a federal issue in a state-created cause of action, however, does not automatically support federal-question jurisdiction. *Willy,* 855 F.2d at 1168. "While *Merrell Dow* held that a private, federal remedy was a necessary prerequisite to determining that the presence of a federal element in a state-created cause of action resulted in that cause of action being one which arose under federal law, it did not hold that the presence of any private, federal remedy would in all instances suffice for that purpose." *Id.*

MEC argues that the language in the Nelons' Second Amended Petition, quoted above, supports federal-question jurisdiction because the Nelons are actually seeking an exclusively federal remedy, environmental clean-up, under federal environmental laws. The Court disagrees. The Court finds that the Nelons have asked for an injunction, pursuant to state law, abating MEC's pollution and requiring MEC to either clean up the contamination or compensate the Nelons for any such contamination.[1] The Court further finds that the references in the Second Amended Petition to "EPA procedures and clean-up protocols" and to "Federal protocols, policies, and procedures" are merely references to the level of clean-up that the Nelons are requesting, and are not independent causes of action brought under federal environmental laws.

■ The plaintiff is the master of his complaint and it is his prerogative to determine under what law he will plead. *Willy,* 855 F.2d at 1167. However, under the well-pleaded complaint rule, a plaintiff may not thwart federal jurisdiction by artfully pleading to conceal a necessary federal question. In the case at bar, the Nelons have not artfully pleaded a federal claim disguised as a state claim in order to defeat diversity. They have pleaded a state law claim that makes reference to federal policies and regulations. This is insufficient to support federal-question jurisdiction. *See generally Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148, 153 (4th Cir.1994) (holding that the plaintiffs' reference to federal environmental statutes which provide for a private, federal remedy is not enough to support federal-question jurisdiction over the plaintiffs' state law negligence per se claim).

■ While it is true that, should the state court order the requested clean-up, it would have to interpret federal laws and regulations in order to determine what level of clean-up should be required, "[t]he mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction." *J.A. Jones Constr. Co. v. City of New York,* 753 F.Supp. 497, 501 (S.D.N.Y.1990) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 811, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986)). The Court finds that the Nelons' Second Amended Petition does not state a claim arising under the Constitution or laws of the United States. Accordingly, the Court holds that it does not have subject matter jurisdiction in this case.

The Court finds further support for this holding in the Supreme Court decision in *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The Court in *Christianson,* in determining whether a claim was one "arising under any Act of Congress relating to patents" for purposes of federal subject matter

---

1. MEC asserts that there is no authorization under Texas law for a plaintiff to seek an environmental clean-up of contaminated property, and that, therefore, the Nelons must necessarily be asserting a federal cause of action. The Court finds that Texas state courts have granted affirmative injunctive relief requiring clean-up of contaminated property. *See, e.g., Rhodia, Inc. v. Harris County, et al.,* 470 S.W.2d 415, 420–22 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); *Ellen v. City of Bryan,* 410 S.W.2d 463, 465 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.). While the Court will not opine on the merits of the Nelons' claim under Texas state law, the Court finds that it is possible to state under Texas law a claim for an injunction requiring MEC to clean up the Nelons' contaminated property under Texas law, and that the Nelons have stated such a claim.

jurisdiction under 28 U.S.C. § 1338(a), noted that the resolution of that question was governed by the same principles that applied to federal-question jurisdiction under 28 U.S.C. § 1331. *Id.* at 806, 108 S.Ct. at 2173. The Court found that although one of the petitioners' theories of recovery arose under the patent law, alternative theories did not. *Id.* at 806–07, 108 S.Ct. at 2175–77. The Court held that "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." *Id.* at 806, 108 S.Ct. at 2174.[2]

■ In their Second Amended Petition, as an alternative to clean-up and restoration of their property, the Nelons seek damages for the cost of clean-up and restoration pursuant to one of their many state law claims of negligence, negligence per se, gross negligence, trespass, public nuisance, private nuisance, breach of implied covenant, or fraud. It is clear that the Nelons are entitled to seek compensatory damages for the clean-up and restoration of their property under Texas law.[3] The Court finds that no federal issues are involved in the Nelons' alternative claim for compensatory damages. Should a state court decide to award compensatory damages for clean-up and restoration of the Nelons' property, the federal issues might never arise. *See Willy*, 855 F.2d at 1171. Accordingly, the Court holds, pursuant to *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), that the claims in this case do not arise under the laws of the United States and, therefore, the Court lacks subject matter jurisdiction over those claims.

### III. Sanctions

The Nelons move the Court to award them their costs and expenses incurred as a result

of this removal pursuant to 28 U.S.C. § 1447(c). The Court finds that there was an arguable basis for removal of the above-styled and numbered cause based on the Nelons' Second Amended Petition and that sanctions are, therefore, not warranted.

### IV. Conclusion

The Court has held that the Nelons' reference to federal environmental statutes in their Second Amended Petition does not support federal-question jurisdiction. The Court, therefore, lacks subject matter jurisdiction and must remand the above-styled and numbered cause to state court.

It is, therefore, ORDERED that the Nelons' Emergency Motion to Remand and for Sanctions is hereby GRANTED IN PART AND DENIED IN PART. Insofar as the motion seeks remand of the above-styled and numbered cause it is hereby GRANTED. Insofar as the motion seeks sanctions, it is hereby DENIED.

It is further ORDERED that the above-styled and numbered cause is hereby REMANDED to the 271st Judicial District Court of Wise County, Texas.

SO ORDERED.

**2.** *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1166 (5th Cir.1988) (applying *Christianson* to federal question jurisdiction and holding that a plaintiff's state law claim that his discharge was wrongful because it was on account of his attempts to cause his employer to comply with federal law and alternatively because it was on account of his attempts to cause his employer to comply with state law was not a claim arising under federal law for removal purposes). *See also Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 153 (4th Cir.1994) (applying *Christian-*

*son* to federal question jurisdiction and holding that the plaintiffs' negligence per se claim which referenced federal environmental statutes would not support removal jurisdiction because the plaintiffs might be able to recover under an alternative theory of negligence that did not reference those federal statutes).

**3.** MEC does not argue that the Nelons cannot recover compensatory damages under Texas law for clean-up and restoration of their property.