PER CURIAM.
Joseph Erace appeals from a trial court order denying three motions. One of the appellant’s motions was for leave to amend and join additional parties; two of the motions were for reconsideration and re hearing of the defendants’ motions for summary judgment. For the following reasons, the order of the trial court is reversed.
The trial court abused its discretion when it denied the appellant’s motion to amend the complaint and to join additional parties. Fla. R. Civ. P. 1.190(a)(“Leave of court shall be given freely when justice so requires.”); Surface v. Town of Bay Harbor Islands, 625 So.2d 109 (Fla. 3d DCA 1993).
Summary judgment for appellee Barbara Foster should not have been granted; her affidavit was insufficient as a matter of law. Suggs v. Allen, 563 So.2d 1132, 1133 (Fla. 1st DCA 1990) (noting that the initial burden is on the moving party to clearly establish the true factual picture and remove any serious doubt as to any genuine issue of material fact); McCutcheon v. Seaboard Air Line R.R., 133 So.2d 660, 662 (Fla. 3d DCA 1961).
*69 Finally, summary judgment for appellee Diane Erace was improvidently entered as the trial court relied upon a companion case which was ultimately reversed by this court. Erace v. Erace, 683 So.2d 1114 (Fla. 3d DCA 1996).
Reversed and remanded.