**In re the MATTER OF, Thomas Dale HINOTE and Christopher Earl Conway.**

**Civ.A. No. 98–0350–CB–S.**

United States District Court,
S.D. Alabama,
Southern Division.

May 12, 1998.

Toby D. Brown, Mobile, AL, for Plaintiff.

Thomas R. McAlpine, Mobile, AL, for Defendant.

## *ORDER*

BUTLER, Chief Judge.

This matter is before the Court on motion to remand filed by Thomas Dale Hinote and Christopher Earl Conway (Doc. 2) and the removing parties' response thereto (Doc. 4).[1] At the outset, the Court notes that this case appears to be unique in the annals of removal jurisprudence.[2] Although this Court has experienced an increase in removals from state court over the years, accompanied by ever more ingenious arguments in support of removal jurisdiction, never has the Court seen an argument for removal of a civil action *before the action was filed.* That is what the removal amounts to in this case. This Court is not inclined, nor does it have the authority, to expand removal jurisdiction to the pre-litigation realm.

In the Circuit Court of Baldwin County, Alabama, Thomas Dale Hinote and Christopher Earl Conway filed a "Petition for Discovery Before Action Pursuant to A.R.C.P. Rule 27." The petition states that "[p]etitioners expect to be parties in an action cognizable in the Circuit Court of Baldwin County, Alabama for injuries and damages sustained by them" resulting from alleged misrepresentations by their former employer, Morgan Ice Company, regarding participation in a retirement plan. Based upon these assertions, petitioners Hinote and Conway seek leave to depose representatives of Zurich Life Insurance Company, including its agent, Belmont T. Springer. Petitioners also seek leave to depose Elsie Lee Morgan and request production and examination of documents pertaining to their retirement benefits from Morgan Ice Company.

According to the removal petition, the removing parties, Elsie Lee Morgan and Belmont T. Springer, received notice of the peti-

---

**1.** For reasons that will become apparent, the Court hesitates to label either party as "plaintiff" or "defendant".

**2.** Neither party has cited, nor has the Court discovered, any case involving removal of a similar underlying state court proceeding.

tion on March 3, 1998, and March 4, 1998. On March 31, 1998, Morgan and Springer filed a removal petition in this Court asserting that the Court has federal question jurisdiction pursuant 28 U.S.C. § 1441(b) because the underlying "complaint" relates to an employee benefit plan and is therefore preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

The Court need not consider the ERISA preemption issue because there is no "civil action" to be removed. The removal statutes permit removal of a "civil action" from state court to federal court. *See, e.g.*, 28 U.S.C. § 1441(a) ("... any *civil action* ... may be removed ..."); 28 U.S.C. § 1441(b) ("Any *civil action* ... [based upon federal question jurisdiction] ... shall be removable without regard to the citizenship or residence of the parties"); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any *civil action* shall filed ... a notice of removal ..."). Both state and federal rules of civil procedure provide that "[t]here shall be one form of action to be known as a 'civil action'." Fed.R.Civ.P. 2; Ala.R.Civ.P. 2. A civil action is commenced by filing a complaint with the court. Fed.R.Civ.P. 3; Ala.R.Civ.P. 3.

The proceeding which Morgan and Springer are attempting to remove is not a civil action. The underlying petition was filed pursuant to Rule 27 of the Alabama Rules of Civil Procedure. That rule specifically permits a party to file obtain discovery before an action is commenced by filing a verified petition in the circuit court. Ala.R.Civ.P. 27(a)(1); *Ex Parte Anderson*, 644 So.2d 961 (Ala.1994). The rule "provides a limited means by which *potential plaintiffs* (and their attorneys), within the discretion of the trial court, can examine evidence *before actually deciding whether they have a reasonable basis for filing an action.*" *Anderson*, 644 So.2d at 965 (emphasis added).

Morgan and Springer advance a number of arguments in support of removal jurisdiction. First, they argue that a Rule 27 petition is removable because the procedures are similar to the procedures for a civil action. The two proceedings may be similar in some respects, but the Rules say that they are not

the same. Next, the removing parties argue that the Rule 27 petition is nothing more than "artful pleading" designed to avoid federal jurisdiction by casting a federal law claim in state law terms. The petition disguises no claim because it contains no claim. It is a request for discovery, nothing more. Morgan and Springer also contend that removal is proper because they were required to file a notice of removal when they received copies of the petition and were put on notice of a federal claim against them. Again, the removing parties ignore the fact that there is no claim against them, only a discovery request regarding a potential claim.

As both the Alabama Rules of Civil Procedure and Alabama case law make clear, a Rule 27 petition is a discovery tool available prior to the commencement of a civil action. The petition itself is not a civil action and, therefore, is not subject to removal under 28 U.S.C. § 1441. Accordingly, the motion to remand is hereby **GRANTED** and this matter is hereby **REMANDED** to the Circuit Court of Baldwin County.