Toni **MAYFIELD–GEORGE** as next friend of **Christopher Cox, and Marie Wilson** as next friend of **Seth Wilson, Petitioners,**

v.

**TEXAS REHABILITATION COMMISSION, Gary Kirby, Lan Rainey, and Lewis R. Thompson, Respondents.**

No. Civ.A. 3:99–CV–2735X.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 6, 2000.

Steven Kelley DeWolf, Staci Pirnar, Darrell S. Cockcroft, Bellinger & DeWolf, Dallas, TX, for plaintiffs.

Mark G. Parenti, Attorney General of Texas, Transportation Division, Austin, TX, for Texas Rehabilitation Commission, Gary Kirby and Lan Rainey.

Lewis R. Thompson, Bonham, TX, pro se.

## MEMORANDUM OPINION AND ORDER

KENDALL, District Judge.

The unpublished Memorandum Opinion and Order filed in this matter on May 15, 2000 is hereby withdrawn, and this Memorandum Opinion and Order is substituted in its place.

Before the Court is Petitioners' Motion to Remand ("Motion"), filed on December 8, 1999. For the reasons stated below, Petitioners' Motion is **GRANTED**, and this "civil action" is **REMANDED** to the 382nd District Court of Rockwall County, Texas In addition, Respondents' Motion for Protective Order and Motion for More Definite Statement, both filed on December 8, 1999, are **DENIED AS MOOT**. All other relief is hereby **DENIED**.

### I. FACTUAL BACKGROUND

On November 2, 1999, Petitioners filed a Rule 202 Petition to Investigate Claim ("Petition") pursuant to Rule 202 of the Texas Rules of Civil Procedure ("Tex.R. Civ.P") in the 382nd District Court in Rockwall County. Texas. Tex.R. Civ. P. 202 provides in relevant part:

**RULE 202. DEPOSITIONS BEFORE SUIT OR TO INVESTIGATE CLAIMS**

**202.1 Generally.** A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either

(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit, or

(b) to investigate a potential claim or suit

The Petition sought depositions of Respondents' employees to investigate whether Petitioners could bring causes of action against Respondents under the Texas Tort Claims Act, 28 U.S.C. § 1983, Titles VII and IX of the Civil Rights Act of 1964, and Title II of the Americans with Disabilities Act. The Petition alleges that Christopher Cox and Seth

Wilson, who are mentally challenged boys, were sexually assaulted by Respondent Lewis Thompson, a Texas Rehabilitation Commission ("TRC") vocation counselor who had counseled Cox and Wilson Thompson has pleaded guilty to and is serving a jail sentence for criminal charges arising out of the sexual assaults. The Petition also alleges that TRC and/or its employees may have been aware at the time it hired Thompson that he had previously pleaded guilty to a charge of indecency with a child, but nevertheless hired him to counsel young boys of diminished mental capacity. In addition, the Petition alleges that while TRC and/or its supervisory personnel were aware, prior to the incident involving Cox and Wilson, that Thompson was engaged in obscene and improper activities at TRC's offices, such as viewing pornographic materials and publicly fantasizing about his clients. TRC and its supervisory personnel did nothing to reprimand him and to prevent the sexual assaults Petitioners filed the Petition in order to investigate whether they have causes of action under state or federal law and because TRC refused to voluntarily provide any information.

A hearing before the Texas District Court on the Petition was scheduled for December 3, 1999 Respondents received notice of the Petition and hearing on November 17, 1999. On December 2, 1999. Respondents removed the Petition to this Court pursuant to 28 U.S.C. § 1441(b) Shortly before the hearing on the Petition. Respondents served a copy of the notice of removal to Petitioners, precluding the Texas District Court from hearing and deciding the pre-filing discovery issues Petitioners have not filed in any court a complaint or petition alleging a cause of action upon which relief can be granted There is nothing in the record to indicate that any other related civil action, state or federal, has been litigated or is pending, or that any court order, state or federal, will be impacted by this matter

## II. ANALYSIS

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable." 28 U.S.C. § 1441(b). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, see *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986), which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir.1995) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)). The party removing the case to a federal district court has the burden of establishing the existence of federal subject matter jurisdiction over the removed case *See id.* Any doubts as to the existence of federal subject matter jurisdiction are resolved by remanding the action to state court. *See Nelon v. Mitchell Energy Corp.*, 941 F.Supp. 73, 74 (N.D.Tex. 1996) (Means, J.).

Petitioners seek a remand of their Petition on two grounds. First, Petitioners argue that the Petition is not a "civil action" that can be removed under § 1441(b), and thus the Court lacks subject matter jurisdiction over the Petition. Petitioners also argue that the Petition does not assert any claims against Respondents, but merely seeks to depose certain employees of Respondents to determine whether they can assert any claims. Second, Petitioners allege that the Petition is not removable because it is an ancillary proceeding related to an anticipated suit. It is uncertain if any such anticipated suit, if ever filed, will involve a federal question and there is no suggestion that any such anticipatory suit, if ever filed, will involve diversity jurisdiction.

Respondents argue that the Petition is indeed a civil action properly removed to this Court. Respondents allege that the Petition is a bill of discovery seeking a court order requiring an individual to submit to a deposition. Respondents add that a Rule 202 petition institutes a civil action that is removable to federal court if it is based on federal claims. They also argue that Texas state courts have viewed bills of discovery, or peti-

tions for an order authorizing discovery to investigate claims, as "independent actions" that are not ancillary or supplemental to another unremoved suit Finally, Respondents argue that the Petition is designed to circumvent their defense of qualified immunity to any claims that may be brought under § 1983. They assert that the Petition seeks to avoid the heightened pleading requirements imposed on § 1983 plaintiffs facing a defense of qualified immunity because Petitioners are either unwilling or unable to meet such pleading requirements.

▉▉▉ While the parties have presented a novel issue for the Court, it is obvious that Respondents' arguments are without merit First, the Petition is not a "civil action" under § 1441(b) because it asserts no claim or cause of action upon which relief can be granted. *See In re Hinote,* 179 F.R.D. 335, 336 (S.D.Ala.1998) ("It is a request for discovery, nothing more"); *Sunbeam Television Corp. v. Columbia Broadcasting Sys., Inc.,* 694 F.Supp. 889, 891 (S.D.Fla.1988). It is merely a petition for an order authorizing the taking of a deposition for use in an anticipated suit, maybe with federal question jurisdiction, maybe not. *See* TEX.R. CIV. P. 202.1(A). SECOND, EVEN IF IT CAN BE ARGUED THAT THE PETITION IS A "CIVIL ACTION," BECAUSE IT HAS ALL THE INDICIA OF A JUDICIAL PROCEEDING, IT SURELY IS NOT REMOVABLE UNDER § 1441(B) BECAUSE IT IS NOT A "CIVIL ACTION OF WHICH FEDERAL DISTRICT COURTS HAVE *ORIGINAL JURISDICTION* FOUNDED ON A CLAIM OR RIGHT ARISING UNDER THE CONSTITUTION, TREATIES OR LAWS OF THE UNITED STATES." (EMPHASIS ADDED) THE PETITION SIMPLY SEEKS AN ORDER AUTHORIZING A DEPOSITION PURSUANT TO THE TEXAS RULES OF CIVIL PROCEDURE AND CONTAINS NO CLAIM OR RIGHT, MUCH LESS ONE FOUNDED ON THE CONSTITUTION, TREATIES OR LAWS OF THE UNITED STATES THIS COURT CONCLUDES THAT FEDERAL SUBJECT MATTER JURISDICTION DOES NOT EXIST BECAUSE THE COURT DOES NOT HAVE JURISDICTION OVER THE PETITION, A REMAND IS NECESSARY.

Respondents' strained arguments against Petitioners' Motion are meritless. Respondents' contention that a Rule 202.1 petition institutes a "civil action" and is removable if it is based on potential federal claims is baseless. There is no Fifth Circuit authority[1] for construing a petition for discovery before trial under the Texas Rules of Civil Procedure as a "civil action" that can be removed under § 1441(b) because the petition or application cites *potential,* as opposed to actual previously litigated or settled federal claims. Analogizing the Petition as a bill of discovery, Respondents argue that Texas courts have construed bills of discovery as "independent actions" that are not ancillary or supplemental to another unremoved suit This argument is completely belied by the Texas Supreme Court's construction of a Rule 202.1 petition as an ancillary proceeding, not a separate suit, that is incidental to and in anticipation of a suit. *See Office Employees Int'l Union v. Southwestern Drug Corp.,* 391 S.W.2d 404, 406 (Tex. 1965); *see also Texacadian Energy, Inc. v. Lone Star Energy Storage, Inc.,* 829 S.W.2d 369, 372 (Tex.Civ.App.-Corpus Christi 1992, no writ). Moreover, even though federal courts have inherent power to issue bills of

---

**1.** The Court is aware of a recent Eastern District of Texas case where the district judge reached a conclusion different from this Court and the *Hinote* and *Sunbeam Television* courts as to what constitutes a "civil action" for purposes of § 1441 removal. See *In Re the State of Texas,* 110 F.Supp.2d 514 (E.D.Texas 2000). That case, involving another variant of the current Texas Attorney General's ongoing concerns about the historic multi-billion dollar tobacco litigation settlement between the State of Texas and the tobacco industry, is factually distinguishable from this case. Here, there is no federal court order or settlement agreement that could potentially be undermined by the 202.1 state court petition, the All Writs Act is not implicated, and there is no artful pleading issue.

Unlike Judge Folsom's tobacco litigation, which was a black hole of a case that sucked up judicial resources like no case that most district judges will ever see, this case has caused the expenditure of virtually no federal judicial resources More to the point, no state court hand grenades are being thrown into an extremely complex mega-federal court settlement with existing federal court orders.

In short, while my good friend and I may disagree over what the meaning of a "civil action" for 28 U.S.C. § 1441 purposes is, if faced with Judge Folsom's particular fact situation, this Court would reach the same result pursuant to 28 U.S.C. § 1651. To rule otherwise, much mischief could be wrought by those unhappy with federal court orders and rulings under the guise of a Texas Rule of Civil Procedure 202.1 proceeding.

discovery, construing the Petition as a bill of discovery in order to justify removal is inconsistent with the plain language and strict construction of § 1441(b) and the notion that federal courts are courts of limited jurisdiction. *See Carpenter,* 44 F.3d at 365–66, *Natural Gas Pipeline Co. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407–08 (5th Cir.1993) ("[A] court may not exercise its inherent authority in a manner inconsistent with rule or statute.") (internal quotation marks and citation omitted) Finally, Respondents' argument that the Petition is designed to circumvent Respondents' potential defense of qualified immunity is without merit There are no alleged claims against or defenses for Respondents. There is no reason why removal to this Court is necessary to preserve Respondents' potential defense of qualified immunity. Respondents completely fails to state why they cannot raise this argument under Tex.R. Civ. P 202 This Petition is simply a request for discovery that may or may not eventually lead to federal claims that, for now, belongs where it was filed, in the 382nd District Court in Rockwall County.

### III. CONCLUSION

For the reasons stated above, Petitioners' Motion for Remand is **GRANTED,** and this "civil action" is **REMANDED** to the 382nd District Court in Rockwall County. Texas In addition, Respondents' Motion for Protective Order and Motion for More Definite Statement, both filed on December 8, 1999, are **DENIED AS MOOT.** All other relief is hereby **DENIED.**

It is **SO ORDERED.**