**Edward BARROWS, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**No. Civ.A.2000–10461–RBC.**[1]

United States District Court, D. Massachusetts.

Sept. 11, 2001.

---

1. With the parties' consent, this case was referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

Charles G. Devine, Jr., Devine, Barrows & Devine, Boston, MA, for Plaintiff.

Gary W. Harvey, Peter C. Knight, Morrison, Mahoney & Miller, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REVOKE REMOVAL AND TO REMAND CASE TO THE SUFFOLK COUNTY SUPERIOR COURT AND MOTION FOR SANCTIONS (3, 5)[2]

COLLINGS, Chief United States Magistrate Judge.

On March 9, 2001, defendant American Airlines ("American") filed a Notice of Removal # 1 which effectuated a removal of this case from the Suffolk Superior Court to this Court. Plaintiff Edward Barrows ("Barrows") has moved to remand this case [3] back to the Suffolk Superior Court and has also requested that this Court impose sanctions on American for removing this case in bad faith. For the reasons stated below, I shall allow Barrow's motion to remand and deny Barrow's motion for sanctions.

Barrows initiated this action by filing in Suffolk Superior Court a Verified Complaint for Discovery pursuant to Mass. R.Civ.P.Rules 27 and 34(c). The object of the filing was to obtain from American certain documents, videotapes and deposition testimony. By filing his so-called verified complaint (the "Rule 27 Petition"), Barrows was not instituting suit against American but was simply seeking some pre-suit discovery relating to an incident occurring in San Juan, Puerto Rico in

---

**2.** Plaintiff appears to have filed the identical motion twice. (See # 3 and # 5).

**3.** I will refer to the proceeding instituted by Barrows as a "case", even though no actual lawsuit has been filed.

which he alleges that he was assaulted, denied services and illegally detained by an American employee.

American removed this case to federal court on the grounds that a federal question existed because the meager facts, as stated by Barrows, necessarily involved application and interpretation of the Airlines Deregulation Act and Federal Aviation Act, acts which preempt state law. American Airlines also asserted that diversity jurisdiction existed because the parties were citizens of different states and that the amount in controversy, if plaintiff ultimately prevailed on his claims, would exceed $75,000. Finally, American argued that Barrows had no right to pre-suit discovery under either Rule 27 or Rule 34 of the Massachusetts (or Federal) Rules of Civil Procedure.

Barrows countered by arguing that the case should be remanded to state court because no diversity jurisdiction existed; in his view, the amount in controversy was $0. That is, Barrows argued that at this point in time he was not seeking any damages from American but was simply seeking discovery.[4] Moreover, Barrows maintained that he is entitled to pre-suit discovery and that American should be sanctioned for removing the case in bad faith.

 Both Barrows and American have missed the crux of this case, and in short, I disagree with the arguments asserted by both. However, for reasons that are explained below, I must remand this case to Superior Court. Under Mass.R.Civ.P. 27(a),[5] a person may obtain some pre-suit discovery. That rule states, in pertinent part, that: "[a] person who desires to perpetuate his testimony or that of another person regarding any matter that may be cognizable in any court where these rules apply may file a verified petition in the Superior Court in the county or District Court in the judicial district, . . . of the residence of any expected adverse party." Mass.R.Civ.P. 27(a)(1). The rule goes on to specify what the petition must contain. Thus, it is clear that in certain circumstances, a person may obtain discovery[6] from another entity before a lawsuit has actually been filed.

 It is also clear that Rule 27 petitions are *not* removable to federal court. Although the case law on this point is sparse, there are a few cases that address this exact circumstance. For example, in *Matter of Hinote*, 179 F.R.D. 335 (S.D.Ala., 1998), plaintiffs[7] filed a Rule 27 petition in Alabama state court seeking certain discovery from their former employer's insurance company and representatives. Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441 on the grounds that the "complaint" related to an employee benefit plan and was therefore preempted by the Employment Retirement Income Security Act ("ERISA").

---

4. Interestingly, Barrows ignored altogether American Airlines' argument that jurisdiction in the federal court was proper based on the existence of a federal question.

5. Massachusetts Rule 27 and Federal Rule 27 are, for all relevant purposes, identical and thus I will refer to them interchangeably as "Rule 27."

6. Under Rule 27(c), a court may order depositions as well as responses to document requests. *See* 6 Moore's Federal Practice 3d § 27.12, at 27–20 (2001) ("To the extent that a use of Rules 34 and 35 will yield . . . evidence, the petitioner may use these rules, whether or not they are used in conjunction with the taking of a deposition.").

7. For lack of better terms, I use "plaintiffs" and "defendants" to refer to the persons involved in this case.

The *Hinote* court, stating that it had never "seen an argument for removal of a civil action *before the action was filed*," remanded the case to state court. *Hinote, supra,* 179 F.R.D. at 335–36. The *Hinote* court's rationale was sound—it reasoned that the "removal statutes permit removal of a 'civil action' from state court to federal court" but here there was "no 'civil action' to be removed." *Id.* at 336. That is, the "proceeding which [defendants] are attempting to remove is not a civil action"; ... [t]he petition disguises no claim because it contains no claim. It is a request for discovery, nothing more. *Id.* In short, the *Hinote* court found that the removal statutes allow removal only of civil actions and Rule 27 petitions are not civil actions so they cannot be removed. *See also Mayfield–George v. Texas Rehabilitation Commission,* 197 F.R.D. 280, 283 (N.D.Tex., 2000) (holding that a Rule 27 petition is not removable because "it is not a 'civil action of which federal district courts have *original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States ... The petition simply seeks an order authorizing a deposition ... and contains no claim or right, much less one founded on the Constitution, treaties or laws of the United States.' "); *McCrary v. Kansas City Southern R.R.,* 121 F.Supp.2d 566, 569 (E.D.Tex., 2000) (concluding that Rule 27 petitions "are not generally removable under § 1441.").

█ It is therefore without dispute that Rule 27 petitions are not removable to federal court. Thus, the matter must be remanded to the Suffolk Superior Court.[8] Further, I hereby deny Barrows' motion for sanctions against American on the grounds that there is no indication that American removed the case in bad faith and on the grounds that the law on Rule 27 petitions is not so well-established that American should have known that such petitions are not removable.

Accordingly, it is ORDERED that Plaintiff's Motions to Revoke Removal and to Remand Case to the Suffolk County Superior Court (## 3 & 5) be, and the same hereby are, ALLOWED and that Plaintiff's Motion for Sanctions be, and the same hereby is, DENIED.

The Clerk is directed to take the necessary steps to effectuate a removal of this cause to the Suffolk Superior Court.

---

8. I make no judgment on the sufficiency of Barrows' Rule 27 petition except to note that under Rule 27, Mass.R.Civ.P., a person filing a petition has a heavy burden to meet. The petition must show "1, the petitioner expects to be a party to an action cognizable in a court ... but is presently unable to bring it ... 2, the subject matter of the expected action and [the petitioner's] interest therein, 3, the facts which [the petitioner] desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses ..., and 5, the names and addresses of the persons to be examined and the substance of the testimony which expects to elicit from each...." Rule 27(a)(1), Mass.R.Civ.P.