SHEVIN, Judge.
We reverse Dedrick T. Robinson’s judgment of convictions upon the holding that the trial court erroneously disallowed defense counsel’s peremptory challenge of prospective juror Mathews. The record demonstrates that defense counsel’s reasons for the challenge were genuine. This court has held that “[t]here is nothing in [State v.] Neil, [457 So.2d 481 (Fla.1984),] or its progeny, that forbids choosing among available jurors, even for capricious reasons, so long as the reasons are not racially discriminatory. Peremptory challenges are still presumed to be exercised in a non-discriminatory manner.” Davis v. State, 691 So.2d 1180, 1182 (Fla. 3d DCA 1997). Although the strike in this case was questioned as being gender-discriminatory, this statement applies with the same force. Being the victim of a crime is a recognized neutral reason for striking a potential juror, Anderson v. State, 750 So.2d 741 (Fla. 3d DCA 2000), and so is striking a potential juror who’s relative has been arrested or charged with a crime. See Allen v. State, 643 So.2d 87 *945 (Fla. 3d DCA 1994). Therefore, the court erred in denying the strike; a new trial is required.
Reversed and remanded.