Cornelia **HERNANDEZ**
**PEREZ** Plaintiffs

v.

**CITIBANK, N.A., f/k/a The First National Citibank of New York Defendants**

**No. 04–20910–CIV–JORDAN.**

United States District Court,
S.D. Florida,
Miami Division.

July 22, 2004.

Charles P. Randall, Esq., Enriquez & Randall, Miami, FL, Abbey L. Kaplan, Esq., D. Fernando Diego Fernando Bobadilla, Esq., Kluger, Peretz, Kaplan & Berlin, P.A., Miami, FL, for Plaintiff.

Jose I. Astigarraga, Edward M. Mullins, Elena M. Marlow, Annette C. Escobar, Astigarraga Davis Mullins & Grossman, P.A., Miami, FL, for Defendant.

## ORDER

JORDAN, District Judge.

The motion of Cornelia Hernandez Perez for remand [D.E. 6] is DENIED for the reasons set forth below.

## I. BACKGROUND

On May 6, 2003, Ms. Perez filed a "complaint" for a bill of discovery in state court, seeking discovery regarding the potential liability of Citibank for deposits which her father made in Citibank's Cuban branch in the mid–1950s and which the government of Fidel Castro expropriated after the Cuban revolution.[1] According to Ms. Perez, in or about the mid–1950s, Ms. Perez's father purchased a certificate of deposit in the amount of $300,000 Cuban pesos from a branch office of Citibank located in Havana, Cuba. In 1960, the Castro government nationalized numerous American-

---

1. At that time, Citibank was known as First National City Bank of New York.

owned corporations and businesses. In particular, it expropriated and nationalized the assets of Citibank's branch banks in Cuba, including the deposit owed to Ms. Perez's father. Ms. Perez has been declared her father's legitimate child and heir and claims to be the beneficiary under this certificate of deposit.

In the first paragraph of her "complaint," Ms. Perez states: "This is an action permitted under Florida common law and falling under the equitable jurisdiction of the court to obtain a Bill of Discovery for information necessary to meet conditions precedent to filing a lawsuit against Citibank." The complaint alleges one count which seeks a bill of discovery against Citibank, and requests that the state court (1) enter judgment against Citibank for a bill of discovery, and (2) order the production of documents listed in Exhibit C of the complaint.

On April 16, 2004, Citibank removed this case to federal court, arguing that the action was removable pursuant to the Edge Act, 12 U.S.C. § 632. The Edge Act allows removal anytime before trial of "all suits of a civil nature at common law or equity," where one party is "a corporation organized under the laws of the United States," and arising out of transactions involving international or foreign banking and/or financial operations.[2] Ms. Perez has filed a motion to remand this case back to state court, arguing that the court lacks subject-matter jurisdiction over the "complaint" for a bill of discovery because it is not an action, within the meaning of 28 U.S.C. § 1441(b). Ms. Perez also argues that the bill of discovery is not a civil suit asserting any claims and that it does not "arise out of" international or foreign banking and/or financial operations, within the meaning of the Edge Act.

## II. ANALYSIS

Citibank does not argue that a bill of discovery is an action within the meaning of 28 U.S.C. § 1441(b). Instead, Citibank argues that the removal is pursuant to the Edge Act, and thus § 1441(b) is inapplicable. The relevant questions, then, are whether a bill of discovery is a civil suit within the meaning of the Edge Act, and whether Ms. Perez's bill of discovery arises out of international or foreign banking and/or financial operations.

### A. A CIVIL "SUIT"

In Florida, a bill of discovery is a cause of action that arises in equity and which allows a plaintiff to seek information for use in an action that is pending or is about to be brought. *See First National Bank of Miami v. Dade–Broward Co.*, 125 Fla. 594, 596, 171 So. 510 (Fla.1936) ("Pure bills for discovery have so long been an acknowledged subject of equity jurisdiction

---

2. In relevant part, the Edge Act states:
   Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking ... or out of other international or foreign financial operations, either directly or through the agency, ownership ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.
   12 U.S.C. § 632.

that statutes purporting to give other and simpler means of obtaining that identical relief are not regarded as ousting the equity jurisdiction, at least in the absence of some clear legislative declaration to that effect."). *See also* Rupert F. Barron, Annotation, *Existence and nature of cause of action for equitable bill of discovery*, 37 A.L.R. 5th 645 (1996) ("Exercising their equitable powers, a majority of courts which have addressed the issue have recognized the continued existence of the independent action for discovery known as the equitable bill of discovery, to authorize discovery outside of the rules in limited situations for use in a pending action or an action about to be brought."). A bill of discovery allows a plaintiff "to determine the proper parties against whom, and the proper legal theories under which to proceed, in a separate legal action." *Sunbeam Television Corp. v. Columbia Broadcasting System, Inc.*, 694 F.Supp. 889, 895 (S.D.Fla.1988). The subsequent legal action is distinct from the bill of discovery. *Id. See also Stoller v. Nissan Motor Corporation in USA*, 934 F.Supp. 423, 424 (S.D.Fla.1996).

■ The Eleventh Circuit has read the Edge Act broadly to include all civil actions. *See Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1240 (11th Cir.2000) ("[I]t is clear that section 632 was intended not to constrict the type of civil actions involving Federal Reserve banks that are subject to federal jurisdiction, but rather to restore and codify the earlier understanding that all actions in which a Federal Reserve bank is a party come within the district courts' jurisdiction. There certainly is no evidence that Congress intended to treat state statutory claims any differently than claims based on a state's case law or equitable jurisprudence."). In *Federal Reserve Bank*, which involved a portion of the Edge Act dealing with the Federal Reserve Bank, the Eleventh Circuit held that the Edge Act created federal subject-matter jurisdiction over *all* civil actions to which a Federal Reserve Bank is a party, including civil actions based solely on a state statute. *Id.* at 1244.

As noted earlier, the Edge Act also creates federal subject-matter jurisdiction where a corporation organized under United States law is a party to this action. The language granting subject-matter jurisdiction is identical in both situations, and thus the analysis in *Federal Reserve Bank* is applicable here.

■ To determine whether a bill of discovery is considered a suit or cause of action, I look to state law. *See General Motors Corporation v. Gunn*, 752 F.Supp. 729, 730–31 (N.D.Miss.1990). The Florida Rules of Civil Procedure provide that "there shall be one form of action to be known as 'civil action,'" Fla. R. Civ. P. 1.040, and Florida courts have held that a bill of discovery is a civil action in equity. *See Surface v. Town of Bay Harbor Islands*, 625 So.2d 109, 109 (Fla.Dist.Ct.App. 1993) ("The mere fact that a complaint is called a Pure Bill of Discovery does not mean that it cannot be amended to allege a statutory cause of action.").

Mrs. Perez argues that I should follow a district court decision from Texas which held that a petition for discovery before trial is not a civil action removable under § 1441(b). *See Mayfield–George v. Texas Rehabilitation Commission*, 197 F.R.D. 280, 283 (N.D.Tex.2000) ("There is no Fifth Circuit authority for construing a petition for discovery before trial under the Texas Rules of Civil Procedure as a 'civil action'

that can be removed under § 1441(b) because the petition or application cites potential, as opposed to actual previously litigated or settled federal claims."). The *Mayfield–George* decision, however, refers to a bill of discovery under Texas law. Texas state courts have clearly held that a petition for discovery is an ancillary proceeding, incidental to and in anticipation of the later suit. *See id.* In contrast, Florida courts have held that a bill of discovery is a civil action under Rule 1.040, and allow it to be amended to add statutory causes of action. *See Surface,* 625 So.2d at 109. If the bill of discovery were not a civil action under Florida law, it could not be amended to add other causes of action. *See also* WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1432 (4th ed.2000) (defining "suit" as "action to secure justice in a court of law; attempt to recover a right or claim through legal action" and "an act of suing, pleading, or requesting"); BLACK'S LAW DICTIONARY 1448 (1999) (defining "suit" as "[a]ny proceeding by a party or parties against another in a court of law"). I therefore conclude that Ms. Perez's "complaint" for a bill of discovery is a "suit" under the Edge Act.

### B.  "ARISING OUT OF"

■ The Edge Act applies to all civil actions "arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries." Ms. Perez argues that a bill of discovery merely seeks discovery *about* a separate an independent potential action implicating an international transaction, and thus does not

implicate the Edge Act. Citibank, on the other hand, argues that the bill of discovery "involves a certificate of deposit allegedly held in a bank in Cuba in which [Ms. Perez] is attempting to hold a bank organized under the laws of the United States responsible."

In interpreting the Edge Act in *Federal Reserve Bank,* 220 F.3d at 1239, the Eleventh Circuit applied familiar canons of statutory construction, and I do the same here. I start with the language of the statute itself and assume that Congress used the words in the statute as they are commonly and ordinarily understood. *Id.* The plain language of the Edge Act would seem to encompass actions which are caused by disputes over transactions which involve international or foreign banking. This bill of discovery seeks to discover information relating to a banking transaction between Ms. Perez's father and one of Citibank's Cuban branches, specifically the purchase of a certificate of deposit in the amount of 300,000 Cuban pesos. This bill of discovery, in my view, has its origin in, and therefore arises out of, a transaction involving foreign banking. *See Hamilton v. United Healthcare of Louisiana, Inc.,* 310 F.3d 385, 391 (5th Cir.2002) (" 'Arising out of' [is] ordinarily understood to mean 'originating from [,]' 'having its origin in,' 'growing out of' or 'flowing from,' or in short, 'incident to, or having connection with.' ") (citing *Red Ball Motor Freight, Inc. v. Employers Mutual Liability Insurance Co. of Wisconsin,* 189 F.2d 374, 378 (5th Cir.1951)). *Cf. Rouse v. Greyhound Rent–A–Car, Inc.,* 506 F.2d 410, 414 fn. 3 (5th Cir.1975) ("The term 'arising out of' is ordinarily understood to mean originating from, incident to, or connected with the item in question.") (insurance context); *Williams v. Imhoff,* 203 F.3d 758, 765 (10th Cir.2000) (broadly construing phrase

"arising out of" to mean "originating from," "growing out of," or "flowing from.") (arbitration context). In fact, the bill's only purpose is to seek discovery regarding a foreign banking transaction.

### III. CONCLUSION

In sum, Ms. Perez's motion for remand [D.E. 6] is DENIED. The bill of discovery was properly removed pursuant to the Edge Act. The bill is recognized as a civil action by Florida courts, and arises out of the banking transaction conducted in Cuba between her father and Citibank's Cuban branch.

Ms. Perez's motion to extend time to file her reply in support of her motion to remand [D.E. 14] is GRANTED NUNC PRO TUNC. Her reply is deemed timely filed. Ms. Perez's motion to stay the entire action pending my ruling on the motion for remand [D.E. 9] is DENIED AS MOOT. Ms. Perez's motion for an extension of time to respond to the motion to dismiss [D.E. 10] is GRANTED. Ms. Perez shall file her response to the motion to dismiss by August 2, 2004. Citibank shall file its reply by August 9, 2004. Service of the response and reply shall be by facsimile.

Citibank's initial motion to dismiss the state court case (attached to the complaint) [D.E. 1] is DENIED AS MOOT, as I have denied Ms. Perez's motion for remand and Citibank has filed a renewed motion to dismiss.

Citibank's motion to stay discovery and for an extension of time to file the scheduling report pending my disposition of the motion to dismiss [D.E. 7] is GRANTED. Citibank's motion for an extension of time to file a reply in support of its motion for a stay [D.E. 13] is DENIED AS MOOT. By August 9, 2004, the parties shall file a joint scheduling report as required by Local Rule 16.1.